## CLARK *v.* RUSH.

19  393
81   97

PLAINTIFF held a public sale of cattle on his farm—the terms being cash, or notes with approved sureties at sixty days. Defendant bid off two bulls for two hundred and three dollars. The bulls remained on plaintiff's farm at defendant's request, and subject to his control, plaintiff agreeing to keep them until a particular time, when defendant was to send for them, and the persons in charge of them were directed to deliver them to defendant when called for. About two weeks after the expiration of this time, defendant sent for the bulls, but meanwhile they had died. No cash was paid nor any notes given for the bulls. Plaintiff sues for the price bid : *Held,* that there was such a delivery and acceptance of the bulls as to complete the sale ; that the circumstances were such as to authorize the inference of change of ownership ; and that plaintiff, in taking charge of the cattle after the sale, acted simply as agent of defendant, and is entitled to recover.

It was not necessary that the cattle should have been actually removed from plaintiff's farm. It was sufficient that there were circumstances authorizing the inference of a change of ownership ; and it was for the jury to draw this inference, and it was competent for them to consider any and all acts of the parties tending to prove that the defendant had acquired and assumed control of the cattle as owner.

In connection with these acts, and in explanation of them, the declarations of the parties showing the nature of their agreement were admissible in evidence.

APPEAL from the Seventh District.

26

Clark *v.* Rush.

Suit for the price of two calves sold by plaintiff to defendant. The answer set up as a defense : 1st, that there was no delivery of the calves ; 2d, that there had been no payment of any part of the purchase money ; 3d, that the sale was not evidenced by any writing ; 4th, that after the sale and before delivery, the calves had died in plaintiff's possession.

Plaintiff advertised a public sale of cattle on his farm on the first of September, 1859.    On that day the sale took place, there being many persons present bidding, and among them the defendant who bid off two bull calves for two hundred and three dollars.    As defendant was about to leave the farm on that evening he said to plaintiff: " Let the bulls remain till morning, when I will send and get them away," to which plaintiff assented ; or, " I would like to leave the bulls till morning, and will send the boys after them," to which plaintiff said, " all right ; " and " he would be glad if he would do so, as he wanted to go to the mountains with his stock."

Plaintiff was on his rancho for several days thereafter, and then went to the mountains, giving his men on the farm directions to deliver the bulls to defendant whenever he called or sent for them. Defendant neither called nor sent for the bulls until about the fifteenth of September, 1859, when he sent a man for them, telling him " to go and see Clark ; that there were two bull calves there that he wanted me to bring home.    He said that they were some that he had bought of Clark."    This man did not find any one on the rancho when he called, and did not get the calves. Clark was absent for ten days.    One of the calves died on plaintiff's rancho about two weeks after the sale, and the other later still.

Defendant offered no evidence.    There was no evidence of any memorandum in writing concerning the sale.    No instructions were asked, and none given, except that the Court read to the jury the thirteenth section of the Statute of Frauds (Wood's Dig. 106, Art. 401).    Verdict and judgment for plaintiff for the amount claimed. Motion for new trial overruled.    Defendant appeals.

*Swan & McMurtry*, for Appellant.

I.    No payment was made by defendant ; no note or memorandum in writing concerning the sale was made or subscribed by the

parties, or either of them ; and no part of the property was delivered by plaintiff or received by defendant. The sale was, therefore, void under the Statute of Frauds. (Wood's Dig. 106, sec. 13.) But it is urged that inasmuch as the defendant asked and obtained permission from plaintiff for the bulls to remain on his farm till the next day, under a promise that he would then send for them, defendant must be deemed to have received them, and plaintiff from that moment became the defendant's bailee of the property. Such a delivery could not have been made by mere words so as to vest the property in the defendant. The animals were susceptible of immediate delivery, and no act tending to a delivery was done by the plaintiff. Nor was any act tending to a receipt of the property done by defendant. It was all word s.

Again : The defendant could not, under the terms of the sale, receive the property till it was actually delivered to him, because after the purchase there was still something for him to do to entitle him to receive the cattle. He must either, by the terms of the sale, pay the cash for them, or give his note with security, &c., before he had any right to the possession of the cattle. (Brown on Stat. Frauds, ch. 15.)

*Whitman & Wells,* for Respondent.

I. On the sale of the cattle, the strict performance of the contract of sale was waived by the plaintiff; the sale was complete and the property passed to the buyer ; the evidence was sufficient for the jury to infer that the defendant had accepted and received the cattle, and they were at his risk. (2 Kent, 645, 657, etc.; *Vincent* v. *Gormond,* 11 Johns. 284; *Schindler* v. *Houston,* 1 Comst. 267 ; Chitty on Cont. 390 ; Hilliard on Sales, 135, and cases cited ; 2 Parsons on Cont. 321, 322, 329, note.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to recover the price of certain cattle bid off by the defendant at a public sale. The terms of the sale were that the price should be paid in cash, or a note with sufficient sureties executed for the amount. Neither of these terms was complied.

with, but the plaintiff claims that there was a waiver in that respect, and that the cattle were delivered to and accepted by the defendant. The question is, whether there was such a delivery and acceptance as were necessary to complete the sale.

The cattle were not removed from the premises of the plaintiff, but the evidence shows that they remained there at the request of the defendant, and were subject to his control. The plaintiff agreed to keep them until a particular time, and the persons in charge of them were directed to deliver them to the defendant when called for. This direction was not accompanied with any qualification as to payment, and the language and conduct of the parties were such as to justify the conclusion that the cattle were regarded as the property of the defendant. They were exhibited at the sale, and he bought them with a full understanding of the character of the purchase, and afterwards sent for them without offering to comply with the original terms of the sale. In the meantime, however, they had died ; and failing to obtain them, he refused to pay.

The verdict was for the plaintiff, and according to our view of the evidence in the case, and of the law applicable to it, this verdict cannot be disturbed. We do not understand that it was necessary to show that the cattle had been actually removed ; it is sufficient that there were circumstances authorizing the inference of a change of ownership. It was for the jury to draw this inference, and it was competent for them to consider any and all acts of the parties tending to prove that the defendant had acquired and assumed control of the cattle as owner. In connection with these acts, and in explanation of them, the declarations of the parties showing the nature of their agreement were admissible in evidence ; and whether or not too much importance was attached to these declarations by the jury, it is impossible for us to determine. We presume that the case was submitted to them under proper instructions from the Court, and there was undoubtedly some evidence sufficient in point of law to warrant the conclusion arrived at. The direction by the plaintiff to deliver the cattle when called for, and the subsequent act of the defendant in sending for them, were circumstances from which a change of ownership might well be inferred. There was nothing equivocal in these circumstances,

and their tendency as evidence was to show that the plaintiff, in taking charge of the cattle, acted simply as the agent of the defendant.    The matter resolves itself into a mere inquiry as to the weight of evidence, and this inquiry we do not propose to prosecute.

Judgment affirmed.