[Civ. No. 9297. Second Appellate District, Division One.—May 3, 1935.]

ABBIE L. di REBAYLIO et al., Appellants, v. HARRY HERNDON, Defendant; FRANKLIN MOTORS, INC., Respondent.

Ben F. Griffith, LeRoy Anderson and Malcolm Archbald for Appellants.

Joseph Musgrove, Fred O. McGirr and Thomas H. Cannan for Respondent.

EDMONDS, J., *pro tem.*—Plaintiffs who are husband and wife sued for personal injuries sustained by the wife in an automobile accident. It was stipulated that the accident was caused by the negligence of the defendant Herndon in operating an automobile owned by the defendant Franklin Motors, Inc. The jury returned verdicts in favor of the plaintiffs against the defendant Herndon, and, by direction of the court, a verdict in favor of the owner of the car and against the plaintiffs. Plaintiffs have appealed from the judgment entered upon the directed verdict.

The first question presented is the liability of Franklin Motors, Inc., under section 1714¼ of the Civil Code. Ralph Hamlin, president of the respondent corporation, and Herndon were each called as witnesses by the plaintiffs under the provisions of section 2055 of the Code of Civil Procedure. Their testimony was, substantially, that on the Friday before the accident occurred the automobile had been purchased by the respondent from a dealer on the recommendation of Herndon who was not, and had never been, an employee of respondent; that on the same day, after the automobile was purchased, Herndon requested permission from Hamlin to use the automobile; that this permission was granted upon condition that Herndon would return it to the garage the next morning; and that Herndon did not return the automobile as promised by him. Herndon testified that he did not return the automobile on Saturday morning as promised by him because he was feeling ill;

that he endeavored to communicate with Mr. Hamlin after noon on Saturday but did not reach him; that he talked with no other person connected with respondent and that he drove the automobile the following day when the accident occurred.

Appellants contend that the stipulated facts concerning the ownership of the automobile and its use by the defendant Herndon raised an inference that such use was with the consent of the owner; that this inference was sufficient to establish a *prima facie* case for the plaintiffs; and that the jury should have been permitted to pass on the question of the permissive use of the automobile from a consideration of the inference on the one hand and the testimony of Herndon and Hamlin on the other.

The mere fact that at the time of an accident one is driving an automobile belonging to another is not, of itself, sufficient to establish that the former was driving the car with the permission of the owner. (*Bradford* v. *Sargent*, 135 Cal. App. 324, 333 [27 Pac. (2d) 93].) Also, it is undisputed that the only permission given Herndon to use the car was that he might have it for a particularly specified period. The accident happened a day after this time expired. To hold that Herndon was then driving the car with either the express or implied consent of the owner would require us to disregard the plain agreement of the parties. The time within which Herndon had permission to use the car having expired, he was not driving it thereafter with the permission, either express or implied, of the owner. (*Union Trust Co.* v. *American Commercial Car Co.*, 219 Mich. 557 [189 N. W. 23].)

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 1, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 1, 1935.