[Civ. No. 9862.  Second Appellate District, Division One.—December 18, 1935.]

MARGUERITE PRICKETT, Respondent, v. ALBERT C. WHAPPLES, Appellant.

Murphy & Doherty for Appellant.

H. L. Breidenbach for Respondent.

SHINN, J., *pro tem.*—Appeal by the owner of an automobile against whom judgment for damages was given following an accident. Judgment went against both defendants, Mangan and Whapples; the former does not appeal.

Plaintiff, a pedestrian, was struck by the car owned by appellant Whapples and driven by Mangan. Plaintiff was crossing a public street in a crosswalk at the end of a block. It was dark but the streets were lighted. Plaintiff testified that she looked but did not see the car or its headlights and was struck after proceeding four or five steps into the street. Mangan testified that he ran into plaintiff before he saw her. The determination in plaintiff's favor of the issues of negligence and contributory negligence finds support in this evidence.

The judgment against Whapples was based on findings that Mangan was the agent of Whapples, and that he was driving the car with the latter's consent and within the scope of his employment. Defendant Whapples contends that there was not sufficient evidence to support these findings. Whapples was a police lieutenant, on duty during the daytime at San Pedro. Each evening he returned home by street car, alighting therefrom at a point about one mile from his residence. Mangan lived in Whapples' household. Each had a car. Mangan was accustomed to meet Whapples at the car line and drive him home. In so doing he used his own car, but on the evening of the accident, his car being out of order, he took Whapples' car. He drove to a store to make a purchase and shortly thereafter became involved in the accident.

The finding of agency is amply supported by the evidence. From the fact that Mangan made a practice of calling

for Whapples at the station the court properly inferred that there was an understanding between them pursuant to which Mangan, in so doing, was rendering personal services to Whapples. As Mangan in performing these services very clearly was not following an independent calling, he was an employee (Civ. Code, sec. 2009). He was acting within the general line of his duties, from which fact, as appellant properly concedes, the inference arose that he was acting within the scope of his authority (*Wagnitz* v. *Scharetg,* 89 Cal. App. 511 [265 Pac. 318]). ██ The law makes the temporary use of an automobile, without the owner's consent, a misdemeanor (Pen. Code, sec. 499[b]); hence the presumption arises that one operating the automobile of another has the necessary consent to make his act lawful (Code Civ. Proc., sec. 1963, subd. 33). Such inference and presumption, of course, may be overcome and are overcome when there is sufficient evidence to the contrary. We do not undertake to state generally what evidence would be sufficient to overcome them. Each case must be judged upon its own facts. Our discussion of the facts of the present case is from the limited viewpoint that a presumption or inference of fact is not overcome in a case where the evidence to the contrary thereof is properly disbelieved and rejected by the trial court.

██ There is no evidence that Whapples gave express consent to the use of his car. The question whether there was implied consent is involved in the question of agency. In the view we take the only question of fact which requires answer is whether there is sufficient evidence to support the finding that the taking of the Whapples car for the particular purpose of calling for the latter at the station was an act within the terms of Mangan's employment. The defendants both testified that Mangan had not been given permission to use the car. The court did not believe this testimony and found the facts to be contrary thereto. This conclusion necessarily follows from the findings upon the questions of consent and authority of Mangan to take the car, for if the court had believed the testimony of the defendants, these findings would have been in their favor.

The court was not bound to believe the testimony of the defendants. The presumption that they were speaking the truth might have been repelled in several of the ways specified

in section 1847 of the Code of Civil Procedure, or by showing that they had made inconsistent statements (sec. 2052, Code Civ. Proc.). If their testimony was false in one part it was to be distrusted in others (sec. 2061 [3], Code Civ. Proc.), and if believed wilfully false as to a material point might have been rejected *in toto*. (*People* v. *Sprague*, 53 Cal. 491; 10 C. J. 1147.) We have read the testimony with much care, and we find therein ample evidence to dispel any thought that the court was without justification in refusing to give credit to the testimony of the defendants upon this crucial question of fact. Each defendant denied under oath that Mangan was to call for Whapples that evening, yet at the time of the accident Mangan was headed in the direction of the station, at the exact time to meet Whapples and the accident happened close to the station. While still at the scene of the accident, Mangan directed the witness Davis to go to the station and explain to Whapples that he had had an accident, and he told the officers that he would "catch the devil" for not meeting Whapples. Several hours after the accident, two police officers talked to Whapples at his home and he admitted to them that he had been expecting Mangan to call for him that evening and that he wondered why he did not come. These statements were not denied by Whapples. Furthermore, Mangan testified that he only occasionally picked up Whapples at the station, while the latter stated to the officers that Mangan called for him each evening. Neither of the defendants testified to the terms of the arrangement they had made for Mangan's services, nor to the time that it had been in effect, nor whether the services were rendered gratuitously or for a consideration. The court was compelled to judge from their actions what their agreement was. Their silence in this all-important matter is strongly indicative of a disinclination to place all of the facts before the court. The very incompleteness of their explanations, which consisted wholly of monosyllabic denials of Mangan's authority, gives added weight to the facts and circumstances from which the court concluded that Mangan was not acting without the authority of his employer. The relationship between the two men was undoubtedly a close one. Mangan had lived at the Whapples home for some four years and, as stated to the officers by Whapples, did some work around the place as a carpenter. He paid the small sum for room and board of $5 per week.

His taking of the car was not surreptitious, for if he had not believed his action would be approved he would not have taken it with the intention of driving it to the station where he was to meet his employer. There are other minor inconsistencies and contradictions in the testimony of the defendants, but the matters we have called attention to are considerations which, it seems to us, fully justified the trial court in refusing to accept the testimony upon the particular point involved.

In the leading case of *Davis* v. *Judson,* 159 Cal. 121 [113 Pac. 147, 150], the court states the rule as to the right of a trial court to reject uncontradicted testimony and the duty of an appellate court in a case where such testimony has been rejected. A brief quotation is sufficient for our purposes. The court said: ''The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness' own statement of the transaction; or there may be circumstances in evidence in connection with the matter which satisfy the court of its falsity; the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement and influence it to disregard his positive testimony as to a particular fact; and as it is within the province of the trial court to determine what credit and weight shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy.'' This rule has exact application to the facts of the instant case. This court cannot with propriety say that the trial court should have believed the testimony of the defendants Mangan and Whapples. Upon the contrary, it appears that the trial court, in a situation where a minimum of effort was made by the defendants to place all of the facts in evidence, carefully and correctly appraised the testimony that was given and reached a just and proper conclusion therefrom. The inference that Mangan was acting within the scope of his authority, and the presumption that he was acting with Whapples' consent, therefore, stand unopposed.

The sole ground for affirming the judgment is that it clearly appears that the court rejected the entire evidence which tended to overcome the evidence that Mangan, in using the car, was acting within his authority, and with the consent

of appellant, and that the finding to that effect is, therefore, sufficiently supported.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.