[Civ. No. 11751.   First Dist., Div. One.   Aug. 6, 1941.]

KATHERINE HELMUTH, Plaintiff and Appellant, v. KEMP FRAME et al., Defendants; COMMERCIAL CREDIT COMPANY (a Corporation), Respondent; FRANK JULIO, Cross-Complainant and Appellant.

382

Thornton Wilson for Appellants.

Weinmann, Quayle & Berry for Respondent.

WARD, J.—The facts are stated in the opinion filed this date in *Helmuth* v. *Frame*, Civil No. 11,603, *ante*, p. 372 [115 Pac. (2d) 846], wherein Angelus Motors, Inc., a corporation, is the appellant. The Commercial Credit Company, a corporation, did not appear in that appeal. Out of an abundance of caution, plaintiff Helmuth and cross-complainant Julio have taken this appeal from the judgment in favor of the Commercial Credit Company. Angelus Motors, Inc., is not a party to this appeal.

Appellants' position is stated as follows: "Should the said appeal 1 Civil No. 11,603 result in an affirmance of the judgment heretofore rendered against Angelus Motors, Inc., it would follow that the present appeal must be decided in favor of the respondent. On the other hand, should the court grant a new trial upon the sole question raised in said appeal 1 Civil No. 11,603, i. e., the issue of ownership liability, appellants should have their rights reserved as to the respondent herein, Commercial Credit Company; hence this appeal." A stipulation was entered into between the parties in part as follows: "It is further stipulated that the grounds upon which the defendant, Commercial Credit Company, asked for and received a directed verdict were as follows: That there was no evidence legally sufficient to show that the Commercial Credit Company was, on June 3, 1938, the owner of the car in question, within the meaning of

section 402 of the Vehicle Code, and the further ground that there was no evidence proving, or tending to prove, that the defendant, Kemp Frame, at the place of the accident on June 3, 1938, was using or operating the car in question with the permission, express or implied, of the defendant, Commercial Credit Company." A certificate by the trial judge to the effect that the transcript contains a full, true and fair report of the "rulings, acts or statement of the court" is attached to the transcript.

The only point necessary to be considered herein, not disposed of in the Angelus appeal, is that in the present record it appears that the motion for a directed verdict was sustained not only upon the ground that there was no substantial evidence that at the time of the accident Commercial was the owner of the Frame automobile, but in addition thereto that there was no substantial evidence that at the time of the accident the automobile was operated with the permission of that company.

■ Section 402 of the Vehicle Code provides: "Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages." The record is lacking of any evidence that there was express or implied permission given Frame by the finance company to use the automobile. The burden is on the opposing side to prove permission. (*Henrietta* v. *Evans,* 10 Cal. (2d) 526 [75 Pac. (2d) 1051].)

■ On the date of the sale to Frame, the Angelus company had possession of the automobile under a trust receipt executed in favor of the finance company as security for the payment of a promissory note. As additional security the finance company held the pink slip. The trust receipt contained the following provision: "Dealer shall not lend, rent, mortgage, pledge, encumber, operate, use or demonstrate said Cars, but may drive them, at Dealer's own risk, from the place where delivery or custody is taken hereunder direct to Dealer's place of storage where Dealer shall keep the same properly housed without expense or liability to Commercial

Credit, and free from all claims for taxes, liens or other encumbrances. Dealer, upon consent of Commercial Credit, may sell said Cars for cash. . . . '' The record does not show that the finance company ever gave permission to Frame or the Angelus company to use the car except as designated in the trust receipt, or knew on the date of the accident that the car had been sold to Frame. The mere fact that at the time of the accident Frame was driving the automobile is not sufficient to establish that he was driving with the permission of the finance company. (*Engstrom* v. *Auburn Auto. Sales Corp.*, 11 Cal. (2d) 64 [77 Pac. (2d) 1059]; *Sommers* v. *Van der Linden*, 24 Cal. App. (2d) 375 [75 Pac. (2d) 83]; *di Rebaylio* v. *Herndon*, 6 Cal. App. (2d) 567 [44 Pac. (2d) 581]; *Bradford* v. *Sargent*, 135 Cal. App. 324 [27 Pac. (2d) 93].) In *Howland* v. *Doyle*, 6 Cal. App. (2d) 311, 315 [44 Pac. (2d) 453], the court said: ''Permission to drive a motor vehicle, implied as well as express, such as is necessary to bring the case within section 1714¼, can only exist when the owner had knowledge or at least reason for believing that the vehicle would be driven by the person with whose negligence it is sought to charge him. A person cannot be said to have permitted that of which he had no knowledge or information.'' In the present case the vendor Angelus company under a conditional sales contract, without complying with the vehicle act respecting registration and in violation of the trust receipt, permitted the use of the vehicle by Frame. There is no evidence in the record that the finance company expressly or impliedly approved this permission.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.