[Civ. No. 18019. First Dist., Div. Two. Sept. 2, 1958.]

CLAUDE A. PIERCE, Plaintiff and Respondent, v. TOMMY ELLSWORTH STANDOW et al., Defendants; LAILA STANDOW, Appellant; PACIFIC EMPLOYERS IN-SURANCE COMPANY (a Corporation), Intervener and Respondent.

Berry, Davis & Channell for Appellant.

Nichols, Williams, Morgan & Digardi, Jesse Nichols, Anthony R. Brookman and Phillip M. Millspaugh for Respondents.

DOOLING, J.—Defendant Laila Standow appeals from the judgment against her based upon the collision of an automobile of which she was a coowner with a parked automobile while her automobile was being driven by her 17-year-old son Tommy. The case was tried without a jury and the judgment against appellant is based upon the findings of the court that at the time of the accident the automobile was being driven by her minor son with her implied consent and permission and that she had knowledge that he was an incompetent driver and had no license to drive.

The sole ground urged on appeal is that the evidence is insufficient to support these findings. The evidence shows that appellant and her son were both attending a trade school. The son finished his classes from one-half to one hour before the mother and each morning when they arrived at the school the mother gave the keys of the car to her son. Mother and son both testified that the mother had on several occasions forbidden the son to drive the automobile and that the only purpose of her giving him the keys was to permit him to open

the car door and sit in the car while he was free from classes.

Appellant concedes in her closing brief "that the trial court could and did disbelieve the testimony of appellant and her son," but she argues that "disbelief of such testimony would not furnish or supply affirmative evidence to the contrary."

This argument assumes that from the mother's habitual practice of giving the car keys to her son the trial court could not reasonably infer her implied consent to his driving the automobile. ▌ It is well settled that a trial judge or jury may disbelieve direct evidence and rely on circumstantial evidence to support a finding. (*Gray* v. *Southern Pacific Co.*, 23 Cal.2d 632, 641 [145 P.2d 561]; *Scott* v. *Burke*, 39 Cal.2d 388, 398 [247 P.2d 313]; *Bohn* v. *Watson*, 130 Cal.App.2d 24, 34 [278 P.2d 454]; *Halstead* v. *Paul*, 129 Cal.App.2d 339, 341 [277 P.2d 42]; *Alonso* v. *Hills*, 95 Cal.App.2d 778, 786 [214 P.2d 50]; *State* v. *Day*, 76 Cal.App.2d 536, 548 [173 P.2d 399].) ▌ It is also well established that even where conflicting inferences may with equal reason be drawn from the evidence the choice of which inference to draw rests in the judgment of the trier of the fact. (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598, 603 [86 P.2d 829]; *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421, 426 [213 P. 42, 26 A.L.R. 123]; *Fry* v. *Sheedy*, 143 Cal.App.2d 615, 620 [300 P.2d 242]; *Halstead* v. *Paul, supra*, 129 Cal.App.2d 339, 341; *Spolter* v. *Four-Wheel Brake Serv. Co.*, 99 Cal.App.2d 690, 693-694 [222 P.2d 307].)

▌ The admitted fact that appellant daily entrusted to her son the keys to the automobile thus putting it in his power to drive the car at will is, in our judgment, sufficient to support the inference drawn by the trial court that she impliedly consented to his doing so. (*Cf. Casey* v. *Fortune*, 78 Cal.App.2d 922 [179 P.2d 99], where a similar inference was drawn from the fact that the appellant left the car keys where they were accessible to the minor, knowing that on one or two previous occasions he had driven the automobile.) Here appellant gave the keys repeatedly to her son with knowledge, according to her own testimony, that he had repeatedly indicated to her that he was anxious to drive.

▌ Appellant also argues that there is no evidence to support the finding that she knew that her son was an incompetent and unlicensed driver. She herself testified that he had no driver's license and she further testified that she did not know that he had ever driven an automobile (he testified that he had driven a friend's car a couple of times in the

State of Washington) and that he had requested her to permit him to learn to drive but that she had refused.

The evidence is sufficient to support the findings attacked and the findings support the judgment against appellant. (7 Cal.Jur.2d, Automobiles, § 322, p. 195.)

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied September 22, 1958, and appellant's petition for a hearing by the Supreme Court was denied October 28, 1958.