[Civ. No. 18378. First Dist., Div. One. Aug. 27, 1959.]

ALBERT S. ELKINTON, Respondent, v. CALIFORNIA STATE AUTOMOBILE ASSOCIATION, INTERSTATE INSURANCE BUREAU (a Corporation), Appellant.

Pelton, Gunther, Durney & Gudmundson and Herbert Chamberlain for Appellant.

Lange & Rockwell, C. Dan Lange and Clyde R. Rockwell for Respondent.

WAGLER, J. pro tem.*—Defendant has appealed from a judgment entered upon a jury's verdict holding it liable under a policy of indemnity insurance issued to one Amber G. Fannon. Defendant also appeals from an order denying its motion for a judgment notwithstanding the verdict. The policy by its terms bound the defendant to indemnify the named assured, and any person who might drive her Cadillac automobile with her consent, against liability up to $10,000 on account of personal injuries, and up to $5,000 on account of property damage, sustained by other persons through such operation of said vehicle.

On August 4, 1955, Naidra Fannon, the daughter of defendant's assured, while driving said automobile, was involved in an accident with respondent, as a result of which respondent recovered a default judgment against Naidra Fannon for personal injuries and property damage in the aggregate sum of $15,000. Respondent then brought the instant action against appellant on the aforementioned policy.

The principal question presented by this appeal is the sufficiency of the evidence to support the finding of the jury that Naidra was operating her mother's automobile with the permission of the owner at the time of the accident in question, thus rendering appellant liable on the policy. The importance of this issue was emphasized at the trial by the submission to the jury of a special interrogatory. This the jury answered in respondent's favor and returned a verdict against appellant in the sum of $11,453.

Section 402, subdivision (a) of the Vehicle Code imposes liability upon the "owner of a motor vehicle" when the driver, whose negligent operation caused the injury, operated such vehicle "with the permission, express *or implied,* of such owner." (Emphasis added.) The question of permission cannot be left to speculation or conjecture, nor be assumed, but must be affirmatively proved (*Barcus* v. *Campbell,* 90 Cal.App.2d 768 [204 P.2d 65]), and the fact of permission is just as important to sustain the imposition of liability as is the fact of ownership (*Krum* v. *Malloy,* 22 Cal. 2d 132 [137 P.2d 18]; *Scheff* v. *Roberts,* 35 Cal.2d 10 [215 P.2d 925]).

The rules governing this court in reviewing the sufficiency of the evidence to support the finding of permissive use, however, are no different than when the sufficiency of any other

*Assigned by Chairman of Judicial Council.

finding of fact is under attack. " '[A]ll conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. . . . [T]he power of the appellate court begins and ends with a determination as to whether there is any *substantial* evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury.' . . . if there be any reasonable doubt as to the sufficiency of the evidence to support a finding [appellate courts] should resolve that doubt in favor of the finding. . . ." (*Estate of Bristol,* 23 Cal.2d 221, 223-224 [143 P.2d 689]; *Casey* v. *Fortune,* 78 Cal.App.2d 922, 923 [179 P.2d 99]; *Harms* v. *Reed,* 73 Cal. App.2d 853, 860 [167 P.2d 747].)

 The sole witness upon the issue of permissive use was the assured, Amber G. Fannon, who was called as a witness by appellant. Her testimony developed the following facts: Naidra Fannon's parents were separated, and Naidra came to live with her mother about one year before the accident in question. They lived alone; Naidra's age was 15 years and 4 months (approximately) on the date of the accident. The Cadillac automobile had two sets of keys, one of which Mrs. Fannon kept on her person (in her purse). When Naidra came to live with her mother, the extra set of keys was kept on a hook in the hallway. About six months thereafter this set was removed from the hook and placed in a spare purse which was kept in a closet. Naidra knew the keys had been moved, her mother had no objection to her knowing where they were and she did know where they were; they "weren't being secreted from Naidra." When Naidra was "6 or 7 or 8" years of age her mother showed her how to "steer" a car. Sometime before the accident she had shown her how to start a car (not the Cadillac), but she never gave Naidra driving lessons. To Mrs. Fannon's knowledge, Naidra had never driven the Cadillac prior to the accident; had never asked her permission to do so and she had never given such permission, however, she had never told Naidra that she could not drive it. Mrs. Fannon knew that Naidra was driving other automobiles "with assistance" (that of her boy friend). Among teenagers this was "standard procedure." Mrs. Fannon objected to this "but not strenuously." By this she meant she would tell her, "I don't know if the boy is a good driver, or I didn't say, 'Where do you go and how fast do you drive?' and things like that," but [she] didn't tell her "she

couldn't taken the instructions from them." Mrs. Fannon wanted her daughter to be able to drive and "used to tell her [she] would be glad when she could." On the date of the accident Mrs. Fannon had gone to work on the bus and left the Cadillac parked on the street across from her home. Naidra obtained the extra set of keys from the purse in the closet and had driven several blocks prior to the accident.

When viewed in the light of the well established rules of judicial review heretofore mentioned, we are convinced that the finding of permissive use finds substantial support in the above testimony and the inferences which the members of the jury were entitled to draw therefrom.

■ Where the issue of implied permissive use is involved, the general relationship existing between the owner and the operator, is of paramount importance. Where, for example, the parties are related by blood (*Phillips* v. *Cuccio,* 5 Cal. App.2d 520 [42 P.2d 1050]; *Casey* v. *Fortune,* 78 Cal.App. 2d 922 [179 P.2d 99]; *Pierce* v. *Standow,* 163 Cal.App.2d 286 [329 P.2d 44]), or marriage (*Garrison* v. *Booth,* 10 Cal. App.2d 738 [52 P.2d 535]), or where the relationship between the owner and the operator is that of principal and agent (*Prickett* v. *Whapples,* 10 Cal.App.2d 701 [52 P.2d 972]; *Scheff* v. *Roberts,* 35 Cal.2d 10 [215 P.2d 925]; *Blank* v. *Coffin,* 20 Cal.2d 457 [126 P.2d 868]), weaker direct evidence will support a finding of such use than where the parties are only acquaintances (*Mucci* v. *Winter,* 103 Cal. App.2d 627 [230 P.2d 22]), or strangers (*Engstrom* v. *Auburn Auto Sales Corp.,* 11 Cal.2d 64 [77 P.2d 1059]; *Helmuth* v. *Frame* 46 Cal.App.2d 381 [115 P.2d 852]; *Rose* v. *Porter,* 101 Cal.App.2d 333 [225 P.2d 245]; *di Rebaylio* v. *Herndon,* 6 Cal.App.2d 567 [44 P.2d 581]). Of the above cases only those falling within the last group (mere acquaintances and strangers) hold that the evidence of permissive use was insufficient as a matter of law.

■ Where, as in the instant case, the relationship between the owner and operator is that of parent and child, the evidence should be reviewed in the light of the authority which the law confers upon the parent to control the child, and the authority to administer restraint and punishment in order to compel obedience to reasonable and necessary directions. If parents are indifferent to their parental obligations in this regard, their children are apt to accept such indifference as tacit permission to do acts which should, under the circumstances, have been controlled or forbidden. Juries are en-

titled to draw the same inference. In *Casey* v. *Fortune*, 78 Cal.App.2d 922 [179 P.2d 99], for example, a finding of implied permission was sustained despite the fact that the mother had "persistently" forbidden her son to drive her automobile. In *Pierce* v. *Standow*, 163 Cal.App.2d 286 [329 P.2d 44], both mother and son testified that the mother had on several occasions forbidden the son to drive the automobile. The mother testified further that her son had no driver's license, and that she did not know that he had ever driven an automobile. The court said, however, "The admitted fact that appellant daily entrusted to her son the keys to the automobile thus putting it in his power to drive the car at will is, in our judgment, sufficient to support the inference drawn by the trial court that she impliedly consented to his doing so."

Each case must, of course, be decided upon its own facts. We find, nevertheless, that the record in the case at bar presents a much stronger case for implied permissive use than that presented in Pierce. In the instant case the keys were accessible to the daughter; the mother had shown her how to start a car, had never told her she could not drive the car in question, and was aware of the fact that the daughter was driving other vehicles. Of significance also is the fact that the mother had expressed a desire that the daughter learn to drive and secure a driver's license in "a few months." Of even more significance, perhaps, is the fact that the extra set of keys was moved from the hook in the hallway and placed in a purse in the closet. Why? No explanation at all was given. The jury was entitled to disbelieve any part of the mother's testimony. Could they not infer from the fact that the keys had been moved, that Naidra had been driving the Cadillac and that this fact had come to her mother's attention. If the legislative purpose in enacting Vehicle Code, section 402, subdivision (a), i.e., the protection of innocent third persons from the careless use of automobiles (*Burgess* v. *Cahill*, 26 Cal.2d 320 [158 P.2d 393, 159 A.L.R. 1304]), is to receive any support at all from the courts, a record of the type we find in the instant case, must be held to adequately support a finding of permissive use.

Appellant relies upon the decision in *Mucci* v. *Winter*, *supra*, 103 Cal.App.2d 627, and upon the cases therein cited, to wit: *Helmuth* v. *Frame*, *supra*, 46 Cal.App.2d 381, and *di Rebaylio* v. *Herndon*, *supra*, 6 Cal.App.2d 567. We have

already pointed out that in *Helmuth* and *di Rebaylio,* the owner and operator were total strangers. The cases are therefore not in point. In Mucci the owner and operator, one Williams, had met on only three occasions prior to the night of the accident. The owner had no right to control the acts of the operator as in the instant case; in fact the evidence indicated that the former, who drank heavily, was more or less under the domination of the latter. Williams obtained the key to the vehicle without the owner's knowledge and failed to return it when requested. On one occasion Williams had taken the car without the owner's permission and the latter became angry and made a ''fuss'' but thereafter ''cooled off.'' '' [T]he only times the car was driven with the owner's permission was when the owner was in it. . . . The strongest inference that can be drawn [in *Mucci*] is that defendant knew that Williams might again take the car without his permission, and did not take sufficient steps to prevent that contingency from happening.'' Had the parties in *Mucci* been parent and child or had the owner the right to control the acts of the operator, certainly a different result would have obtained.

██ Appellant points out that section 333 of the Vehicle Code provides that ''No person shall cause or knowingly permit his child, ward or employee under the age of twenty-one years to drive a motor vehicle upon the highways whether as operator or chauffeur unless such child, ward or employee is then duly licensed hereunder so to drive.'' It then argues that in the light of the admitted fact that Naidra had no license, any *inference* of permissive use which might flow from Mrs. Fannon's testimony is outweighed by the *presumption* ''that a person is innocent of crime or wrong.'' The presumption relied upon, however, is in direct conflict with Mrs. Fannon's testimony that she did in fact permit Naidra to drive another vehicle—that of her boy friend. ██ A rebuttable presumption is dispelled by proof of a fact wholly irreconcilable with it by the testimony of the party relying on the presumption or his witnesses (*Mar Shee* v. *Maryland Assurance Corp.,* 190 Cal. 1 [210 P. 269] ; *Westberg* v. *Willde,* 14 Cal.2d 360 [94 P.2d 590]), unless the evidence of such fact is the result of mistake or inadvertence. (*Chakmakjian* v. *Lowe,* 33 Cal.2d 308 [201 P.2d 801].) There is no contention here that Mrs. Fannon's testimony in this regard was the result of mistake or inadvertence.

■ Appellant complains of the giving of two instructions which it contends constituted reversible error. The first reads as follows: "Since permission may be implied rather than express and may be inferred from the circumstances surrounding the operation of the motor vehicle by its operator, permission to operate the vehicle may be established even if *either* the owner denies that permission was given. In other words, you are to consider this matter in relation to all the circumstances of the case and base your decision on the preponderance of the evidence." (Emphasis added.) Appellant contends that the use of the word "either" caused the instruction to be misleading and confusing and subject to the interpretation that "a denial of permission by the parent would permit an affirmative finding of implied permission."

The incongruity resulting from the use of the word "either" is traceable to a modification of the instruction by the trial judge and his apparent inadvertent failure to delete same when striking out other portions. The omission of the word would, of course, improve the instruction measurably, but we cannot agree that in the form given, it could confuse the jury or that it is subject to the construction contended for by appellant or that it was prejudicial to the rights of appellant.

■ The second instruction of which appellant complains reads as follows: "Now, the keeping of the keys to a vehicle in an accessible place to members of the household on the part of its owner is a circumstance you may consider in determining whether or not there was implied permission by such an owner of a vehicle to any member of the household to operate the vehicle." Of this instruction appellant states it "is an erroneous declaration of law. In effect it told the jury that if the parent left the keys to the automobile in a place accessible to the minor child a permissible inference was that the minor child was given implied permission to drive the automobile." The instruction is not reasonably subject to this interpretation. It simply stated to the jury that it "*is a circumstance you may consider.*" (Emphasis added.)

■ While the practice of instructing the jury upon isolated portions of the evidence is not to be commended (*Treadwell* v. *Nickel*, 194 Cal. 243, 262 [228 P. 25]; *Boa* v. *San Francisco-Oakland T. Rys.*, 182 Cal. 93 [187 P. 2]; *Jorgensen* v. *East Bay Transit Co.*, 46 Cal.App.2d 189 [115 P.2d 556])

or encouraged it does not appear that the appellant was in any wise prejudiced by the instruction in question. The jury was instructed elsewhere that they were the sole and exclusive judges of the facts and that a finding of implied permission could not be based upon conjecture or speculation, and unless they "believe[d] that the plaintiff ha[d] proved by a preponderance of the evidence that Naidra Fannon ha[d] permission, express or implied, [they] must find that she did not have permission throughout the case."

Finally, appellant complains because the court refused to give the following instruction requested by it: "You are instructed that the mere fact that Naidra Fannon was driving the car owned by her mother does not give rise to any *inference* or presumption that she was driving with the permission of the mother." (Emphasis added.) The refusal of this instruction was proper. The inclusion of the word "inference" clearly rendered it a misstatement of the law. What inference was to be drawn from this fact was entirely within the province of the jury. (*Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598 [86 P.2d 829]; *Clark* v. *Rush*, 19 Cal. 393.) The Mucci, Rose, and Helmuth cases relied upon by appellant, refer to a "presumption" not an "inference." (Code Civ. Proc., §§ 1957, 1958, 1959, 1960.)

Thus far, we have not discussed the appeal from the order denying plaintiff's motion for judgment notwithstanding the verdict. Since the same rules apply to a review of this order as are applicable to the review of the sufficiency of the evidence (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647 [122 P.2d 576]; *Hargrave* v. *Acme Tool & Tester Co.*, 145 Cal. App.2d 469 [302 P.2d 592]; *Free* v. *Furr*, 140 Cal.App.2d 378 [295 P.2d 134]), it follows that this motion was properly denied.

The judgment is affirmed, the order is affirmed.

Bray, P. J., and Tobriner, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 20, 1959.