[Civ. No. 30688.   Second Dist., Div. Two.   Nov. 16, 1967.]

NORTHWESTERN SECURITY INSURANCE COMPANY et al., Plaintiffs and Respondents, v. MONARCH INSURANCE COMPANY OF OHIO et al., Defendants and Appellants.

64

Sweeney, Cozy & Foye and Thomas P. Foye for Defendants and Appellants.

Dryden, Harrington & Swartz and Vernon G. Foster for Plaintiffs and Respondents.

ROTH, P. J.—This appeal is from a judgment for respondents in an action for declaratory relief. The sole issue presented is whether appellant Albert H. Navarro was driving an automobile owned by respondent Ronald R. Howard with the consent of the owner and is therefore entitled to benefits under Howard's insurance policy issued by respondent Northwestern Security Insurance Company.

The single question of fact, whether Navarro had permission at the time of the accident, was submitted to a jury. The jury returned a special verdict that Navarro did not have Howard's permission. This action does not involve the claim of any third party who suffered injury or damage as a result of Navarro's operation of the auto. We limit our remarks to the factual situation before us.

Navarro and Howard had been close social friends for more than five years prior to October 1963. During the period in which the two were acquainted, Howard owned an automobile. In 1963, he acquired a 1960 Falcon and insured it through Northwestern. Navarro owned a 1958 Impala in 1962, insured with appellant, Monarch Insurance Company.

At no time during the five-year period preceding October 1963, had Howard loaned any automobile to Navarro, nor to any other person to use for pleasure, and only on one prior occasion had Navarro operated Howard's automobile. Shortly before the 21st Navarro arranged to store Howard's Falcon

for a period beginning October 21, during which time Howard was to be on a television show location in Utah.

On October 21, Navarro drove Howard in the Falcon to the studio from which he was to leave for location. He left Howard and returned with Howard's car, but instead of parking it in the agreed garage, Navarro left it in a public garage across the street from his apartment. Navarro advised Howard of this change and Howard approved of it.

On October 26, Navarro had Howard's vehicle washed. He stated that he also intended to get it lubricated and have the oil changed.

On the evening of October 26, Navarro using the Howard car, with Maurice Vigal, a friend of his whom he had invited, went to a club in Topanga Canyon. Upon returning home, the Falcon struck the center divider on the Ventura Freeway, and was subsequently struck by another automobile. Navarro was unable to explain why he drove Howard's car rather than his own automobile, stating that ". . . I don't know what ever possessed me to do it."

Howard testified that he told Navarro to drive the car to the studio and then back to the agreed garage. These instructions were amended only as indicated above.

Navarro testified that it was his understanding that he could take the automobile out to have it "greased" and washed. He further stated that he realized that his permission to use Howard's automobile was limited to having it greased and washed and subsequently placing it into the agreed garage.

Appellant's case rests entirely upon the claim that Navarro had implied permission to personally use the car.

Numerous cases hold that implied permission may be established from the direct evidence, all pertinent surrounding circumstances and proper inferences to be drawn therefrom. (*Hobbs* v. *Transport Motor Co.*, 22 Cal.2d 773, 778 [141 P.2d 738]; *Scheff* v. *Roberts*, 35 Cal.2d 10, 12-13 [215 P.2d 925]; *Peterson* v. *Grieger, Inc.*, 57 Cal.2d 43, 51 [17 Cal.Rptr. 828, 367 P.2d 420]; *Garmon* v. *Sebastian*, 181 Cal. App.2d 254, 257 [5 Cal.Rptr. 101].) Since implied permission is a question of fact, the verdict of the jury will not be disturbed on appeal when the record shows, as it does here, substantial support in the evidence for the verdict. (*Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757].)

In the present case, we are unable to say that there

66

was not sufficient evidence to support the verdict. Although the general relation of the parties is of paramount importance on the issue of implied use (*Elkinton* v. *California State Auto. Assn.*, 173 Cal.App.2d 338, 344 [343 P.2d 396]), it is clear from the evidence that Navarro had never been given general permission, express or implied to operate Howard's automobile. There is no support for the belief that Navarro was free to use the car for whatever purposes he desired. Moreover, Navarro affirmatively testified that he understood that his use of the vehicle was limited to driving it to the agreed garage. (*Garmon* v. *Sebastian, supra,* at page 260.)

Appellants further argue that Howard's permission should be implied as a matter of public policy under Vehicle Code, section 16451. This section requires an owner's policy of liability insurance to provide coverage with respect to a person operating the motor vehicle with the express or implied permission of the insured. The section does not apply unless the requisite permission, express or implied, is affirmatively established. We believe that as between two insurance carriers, public policy requires a strict construction.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.