526 P.2d 1100

**Thomas W. ECKELS, Plaintiff-Appellant,**

v.

**Ivan JOHNSON, Defendant-Respondent.**

**No. 11447.**

Supreme Court of Idaho.

Sept. 11, 1974.

Theodore V. Wood of St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for plaintiff appellant.

R. Vern Kidwell, of Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for defendant-respondent.

McFADDEN, Justice.

Thomas W. Eckels, the plaintiff-appellant, instituted this action against Ivan

Johnson, the defendant-respondent to recover for property damage sustained when the plaintiff's automobile was struck by a vehicle owned by the defendant and being driven at the time by the defendant's son, Keith Johnson. The defendant's motion for summary judgment under I.R.C.P. 56 was granted by the magistrate's division of the district court. That judgment was appealed to the district court and from the district court's judgment affirming the magistrate's decision, the plaintiff appeals to this court.

The magistrate's decision to grant the defendant's motion for summary judgment was based upon the information contained in the following documents of record: (1) the pleadings; (2) the defendant's answers to the plaintiff's request for admissions; and (3) the defendant's affidavit in support of his motion for summary judgment.

The plaintiff's complaint alleged that at the time of the accident the defendant's son was operating the defendant's vehicle "with the knowledge, consent and permission" of the defendant. In his answer, the defendant denied "that Keith Johnson was operating and driving said vehicle with the knowledge, consent and permission of defendant." By statute[1] in Idaho the owner of a motor vehicle is liable for the negligent operation of his vehicle by any person using the same "with the permission, expressed *or implied*, of such owner." I.C. § 49–1404 (emphasis added). The issue of consent was squarely raised by the pleadings, as indicated above; under I.C. § 49–1404, the plaintiff was entitled to establish this element of his cause of action by showing either express consent *or* implied consent. The question for decision is whether, in light of the docu-

ments subsequently filed, consent remained a genuine issue of material fact to be resolved at trial. *See* I.R.C.P. 56(c).

In response to the plaintiff's request for admissions under I.R.C.P. 36, the defendant filed the following answers:

"[Requested Admission] 1. That prior to December 9, 1971, Keith Johnson had, on numerous occasions, and with the express or implied permission of the defendant, driven defendant's motor vehicles, including that certain 1966 International two ton truck, license 71 Idaho 8B 2219TK [driven by Keith Johnson at the time of the accident on December 9, 1971].

"ANSWER: In its form as set forth, defendant denies this Request. Keith Johnson *had previously driven my vehicles*. However, more than a year prior to the date of the accident, he had received explicit instructions not to drive this specific vehicle.

"2. That while driving defendant's motor vehicles, including that certain 1966 International two ton truck, license 71 Idaho 8B2219 TK, Keith Johnson did operate said vehicles both upon the farm premises of the defendant and upon the public roads and highways of the State of Idaho.

"ANSWER: See answer to No. 1. He had not driven this vehicle *during the year prior to 'the date of the accident.*

"3. That while said 1966 International two ton truck, licence 71 Idaho 8B2219 TK, was not in use, defendant allowed the ignition keys to remain in said truck, which fact was known to Keith Johnson.

---

1. I.C. § 49–1404 in pertinent part provides:
"1. Responsibility of owner for negligent operation by person using vehicle with permission—Imputation of negligence. Every owner of a motor vehicle is liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or oth-

erwise, by any person using or operating the same with the permission, expressed or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."
Liability under this section is limited to certain amounts (e. g., $5,000 for property damage in any one accident).

"ANSWER: The keys remained in the vehicle. However, I was aware whether the vehicle had been moved or not, and it had not been moved without my knowledge or consent.

"4. That prior to December 9, 1971, defendant made no regular checks or investigations relative to the amount of gas and oil or the mileage traveled to determine whether or not said 1966 International two ton truck, license 71 Idaho 8B2219 TK, was driven or operated without defendant's permission.

"ANSWER: See No. 3.

"5. That prior to December 9, 1971, defendant took no affirmative action to prevent Keith Johnson from driving and operating said 1966 International two ton truck, license 71 Idaho 8B2219 TK, either on the premises of the ranch owned by the defendant or upon the public roads and highways of the State of Idaho.

"ANSWER: Denies. During this period of time, I had issued explicit and positive instructions to Keith Johnson not to use this vehicle, either on the ranch premises or upon any roads or highways of the State of Idaho." (Emphasis added.)

The final document considered on the defendant's motion for summary judgment was the following affidavit of the defendant, submitted in support of his motion:

"IVAN JOHNSON, being first duly sworn, deposes and says: That he is a resident of Bonneville County, Idaho, and the defendant named in this proceedings, and that on the 9th day of December, 1971, affiant was the owner of a 1966 International two-ton truck, 1971 License 8B 2219TK; that on the said 9th day of December, 1971, said motor vehicle was being driven by Keith Johnson.

"Affiant represents and affirms to the Court that prior to the time of the accident affiant had issued specific instructions to members of his family, to include Keith Johnson, that the truck herein identified was not to be driven from the premises of the affiant and had specifically directed all members of affiant's family that said vehicle was not to be placed or driven on any of the public roads in Bonneville County, Idaho; that affiant had further specifically advised Keith Johnson, son of affiant, that Keith Johnson was not to drive any motor vehicle, save and except a Falcon sedan which had been made available for the use of such son.

"Affiant states that on the 9th day of December, 1971, such motor vehicle was driven by Keith Johnson without any knowledge, consent or permission of the affiant."

No counter-affidavit was filed by the plaintiff in opposition to the defendant's motion for summary judgment.

■ If the admissions on file were sufficient to controvert the facts stated in the defendant's affidavit, it was not necessary for the plaintiff to file a counter-affidavit in opposition to the motion for summary judgment. Vincen v. Lazarus, 93 Idaho 145, 149, 456 P.2d 789 (1969); I.R.C.P. 56. That is to say, if the documents already on file disclose a genuine issue of material fact, it would be "a useless procedure" to require additional affidavits restating the same facts. Vincen v. Lazarus, supra at 149.

The record discloses the following primary facts: The defendant's son was driving the defendant's vehicle at the time of the accident. The defendant had previously permitted his son to drive this vehicle upon public highways, although the defendant had withdrawn this express permission at least a year prior to the accident. The ignition key to the vehicle in question was kept in the vehicle at all times, even when it was not in use. Although the defendant asserts that "he was aware whether the vehicle had been moved or not," he did not check the gas, oil, or mileage to determine whether or not it was being operated without his permission. Prior to the accident, the defendant had instructed his family

that the vehicle in question was not to be driven from the defendant's premises, and he had instructed his son not to drive said vehicle at all. The son did have express permission to use another vehicle of the defendant.

■ On appeal from an order granting summary judgment, this court must construe the record presented to the trial court liberally in favor of the party opposing the order *and* accord him the benefit of *all inferences which might reasonably be drawn therefrom.* Watkins v. Paul, 95 Idaho 499, 511 P.2d 781 (1973); Straley v. Idaho Nuclear Corp., 94 Idaho 917, 500 P.2d 218 (1972).

■ It is undisputed that it was the defendant's son who was driving the defendant's vehicle at the time of the accident. From this primary fact (father-son relationship), an inference may reasonably be drawn that the driver was operating the vehicle with the owner's consent. *See* Steele v. Nagel, 89 Idaho 522, 530, 406 P. 2d 805 (1965). In the Steele case, this court quoted from the California case of Elkinton v. California State Auto. Ass'n, Interstate Ins. Bureau, 173 Cal.App.2d 338, 343 P.2d 396, 399 (1959), as follows:

"'Where the issue of implied permissive use is involved, the general relationship existing between the owner and the operator is of paramount importance. Where, for example, the parties are related by blood [cases cited], or marriage [case cited], or where the relationship between the owner and the operator is that of principal and agent [cases cited], weaker direct evidence will support a finding of such use than where the parties are only acquaintances [case cited], or strangers [cases cited]. Of the above cases only those falling within the last group (mere acquaintances and strangers) hold that the evidence of permissive use was insufficient as a matter of law.'" Steele v. Nagel, supra 89 Idaho at 530, 406 P.2d at 809.

In *Elkinton* itself, the court went on to explain the basis for allowing the inference of consent; and, in doing so, the court pointed out that the probative force of this inference is not destroyed by evidence showing that the parent has specifically forbidden his child to use the vehicle. The court reasoned as follows:

"Where, as in the instant case, the relationship between the owner and operator is that of parent and child, the evidence should be reviewed in the light of the authority which the law confers upon the parent to control the child, and the authority to administer restraint and punishment in order to compel obedience to reasonable and necessary directions. If parents are indifferent to their parental obligations in this regard, their children are apt to accept such indifference as tacit permission to do acts which should, under the circumstances, have been controlled or forbidden. Juries are entitled to draw the same inference. In Casey v. Fortune, 78 Cal.App.2d 922, 179 P.2d 99, for example, a finding of implied permission was sustained despite the fact that the mother had 'persistently' forbidden her son to drive her automobile. In Pierce v. Standow, 163 Cal. App.2d 286, 329 P.2d 44, 45, both mother and son testified that the mother had on several occasions forbidden the son to drive the automobile. The mother testified further that her son had no driver's license, and that she did not know that he had ever driven an automobile. The court said, however, 'The admitted fact that appellant daily entrusted to her son the keys to the automobile thus putting it in his power to drive the car at will is, in our judgment, sufficient to support the inference drawn by the trial court that she impliedly consented to his doing so.'" 343 P.2d at 399–400.

■ Thus, in the case at bar, the question of implied consent remained a genuine issue of material fact, even though the plaintiff did not controvert the defendant's evidence to the effect that prior to the accident he had instructed his son not to drive the vehicle.

In this case, moreover, other factors are present which tend to indicate the exis-

**268**

tence of the defendant-owner's implied consent to the use of his vehicle, namely: (1) the defendant's son had been permitted to drive the vehicle in the past; (2) the ignition key to the vehicle was kept in it all times; (3) the defendant did not check the gas, oil, or mileage to see whether the vehicle was being used without his consent; and (4) the son also had express permission to use another vehicle belonging to the defendant. *See* Steele v. Nagel, supra, 89 Idaho at 530–531, 406 P.2d 805; Abbs v. Redmond, 64 Idaho 369, 373, 132 P.2d 1044 (1943).

The inferences which might reasonably be drawn from these factors compel the conclusion that a genuine issue of material fact—that of implied consent—remains for trial. It was, therefore, error for the magistrate to grant the defendant's motion for summary judgment and for the district court to sustain it.

The summary judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein. Costs to appellant.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.