[Civ. No. 28955.   Second Dist., Div. Four.   Oct. 25, 1966.]

ELLIOT D. COULSTON, Plaintiff and Appellant, v. WILLIAM J. COOPER et al., Defendants and Respondents.

Frances Drummond, Brody, Grayson & Green and Joseph T. Vodnoy for Plaintiff and Appellant.

Booth, Mitchel, Strange & Willian, George C. Mitchel and David Y. Smith for Defendants and Respondents.

BISHOP, J. pro tem.*—This is an action for $500,000 actual damages, a like sum for punitive damages, and, in addition, unspecified sums for special damages, because of injuries received by plaintiff while a passenger in an automobile owned by defendant National Auto Rental, being driven by defendant Cooper, who had rented it from the owner. The case comes to us on an appeal by the plaintiff from an order quashing service of summons on the defendant-respondent National Auto Rentals. We are affirming the order.

Not much progress has been made by the plaintiff along the road to the million dollar judgment he seeks. Up to the filing of the notice of motion to quash, all that had been done, according to the record before us, was the filing of the complaint and the issuance and service of summons. All we know about the last two events we find in the declaration made by respondent's president and filed in support of its motion where he states: "On February 13, 1964, a copy of the Summons and Complaint in the above case was received by National Car [sic] Rental by Certified Mail addressed to National Car [sic]

*Assigned by the Chairman of the Judicial Council.

Rental, 1024 S. 24th Street, Phoenix, Arizona. No other copy of said Summons and Complaint has been served upon any officer or agent of National Car [*sic*] Rental so far as known to declarant.'' As far as we are aware, no further or other service has taken place. This is the service quashed by the order under appeal.

A defendant who takes the position that the service of summons as made upon him did not bring him within the jurisdiction of the court, may serve and file a notice of motion to quash the service. (§ 416.1, Code Civ. Proc.) The effect of such a notice is to place upon the plaintiff the burden of proving the facts that did give the court jurisdiction, that is the facts requisite to an effective service. (*Holtkamp* v. *States Marine Corp.* (1958) 165 Cal.App.2d 131, 137 [331 P.2d 679, 683]; *Atkins, Kroll & Co.* v. *Broadway Lumber Co.* (1963) 222 Cal.App.2d 646, 653 [35 Cal.Rptr. 385, 390]; *Brown* v. *Birchfield Boiler Co.* (1964) 226 Cal.App.2d 487, 488 [38 Cal.Rptr. 92, 93].)

If the service of summons as established in this case was effective to bring the respondent within the jurisdiction of the trial court, it was because it was one authorized by sections 17450 et seq., constituting article 4 of chapter 1 of the ninth division of the Vehicle Code, the article being entitled, ''Service of Process.'' The first section in the article states that: ''As used in this chapter 'nonresident' means a person who is not a resident of this State at the time the accident or collision occurs.'' Earlier in the code, ''person'' was said to include ''corporation'' among its meanings.

Section 17451 contains this very pertinent provision: ''. . . in the event the nonresident is the owner of a motor vehicle then . . . the operation of the vehicle upon the highways of this State by any person with his express or implied permission, is equivalent to an appointment by the nonresident of the director [of motor vehicles] . . . to be his true and lawful attorney upon whom may be served all lawful processes in any action . . . against the nonresident . . . owner growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State by himself or agent. . . .'' Section 17454 gives directions for service upon the director. It is followed by section 17455 with this opening sentence: ''A notice of service and a copy of the summons and complaint shall be forthwith sent by registered mail by the plaintiff or his attorney to the defendant.'' Then, in

the succeeding section it is prescribed: "17456. Proof of compliance with Section 17455 shall be made in the event of service by mail by affidavit . . . appended to the original summons which shall be filed with the court. . . ."

We are told in *Varra* v. *Superior Court* (1960) 181 Cal.App.2d 12, 13 [4 Cal.Rptr. 920, 921]: "Strict compliance with the conditions of [sections 17454 and 17455] is essential to the obtaining of jurisdiction of a nonresident defendant. (*Weisfeld* v. *Superior Court*, 110 Cal.App.2d 148, 151 [242 P.2d 29].) The lack of such compliance rendered the purported service wholly ineffectual for that purpose."

It will be noted that the use of the substituted service provided by article 4, chapter 1, division 9 of the Vehicle Code is limited to those cases where it is a nonresident upon whom service is sought. Nowhere in the record before us is it made manifest that our respondent is a nonresident. Assuming that it is a corporation, a fact nowhere alleged but just recited parenthetically in one of the declarations, then its residence would ordinarily be the location of its principal place of business. (*Pacific Gas & Electric Co.* v. *State Board of Equalization* (1955) 134 Cal.App.2d 149, 152-153 [285 P.2d 305, 307].) We may surmise pretty closely where that is, but it is not established. A corporation may have a place of business in a state other than that of its residence. It does not appear that respondent was a defendant upon whom service of summons was authorized on the premise that it was a nonresident person.

Moreover, under the guiding sections, the service of summons and complaint by mail is the second step in case copies have been served upon the state director of motor vehicles. There is no suggestion, in this case, that such service was ever made in any of the ways authorized by section 17454.

The parties have not noted any of the defects we have referred to so far. Their concern has been with another matter, stressed by respondent. This is the fact, made to appear to the trial court, that such permission as the driver of respondent's car had to drive it, was expressly limited to the State of Arizona. This appears from the exhibit, attached to each declaration used in support of the motion, the printed contract of rental executed in Arizona by the respondent and defendant Cooper. In this contract it is expressly stated, in its second sentence, that: "Unless endorsed below, it is agreed that the use

of said vehicle is expressly limited to use in Arizona." Below there is a box with the words, "ENDORSED FOR OUT OF STATE USE." We are told that no request was made for an endorsement. It is left blank. By their agreement the right that Cooper acquired did not embrace permission of respondent to drive the car in California. ▮ Under the circumstances the trial court could conclude nothing other than that Cooper, who was operating the vehicle in which plaintiff was a passenger when injured, never did have the permission, express or implied, of respondent to operate it in California. As a consequence the sections in the Vehicle Code which we have been considering did not apply.

The order, quashing service, is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied November 16, 1966.