HAWKEYE MOTORS, INC., Plaintiff–Appellant,

v.

Amy L. McDOWELL, Defendant–Appellee.

No. 94–1034.

Court of Appeals of Iowa.

Oct. 31, 1995.

Robert A. Nading II of Nading Law Firm, Ankeny, for appellant.

Mark D. Lowe of Hopkins & Huebner, P.C., Des Moines, for appellee.

Heard by SACKETT, P.J., CADY, J., and PERKINS, Senior Judge.*

CADY, Judge.

This is an appeal of the district court's determination of damages to a car owned by Hawkeye Motors, Inc. We affirm the district court's order.

A consensual operator of Amy McDowell's car negligently caused it to crash into a 1990 Buick Reatta convertible owned by Hawkeye Motors, Inc. and parked in its used car lot. Hawkeye filed a petition at law against McDowell claiming damages based on the cost of the repair and diminished value to the vehicle.

McDowell acknowledged liability at a bench trial but disputed Hawkeye's assessment of the amount of damages. The parties agreed the value of the car before the accident was approximately $21,000. Hawkeye claimed after the accident the value decreased by the highest estimated cost of repair, $3484, as well as an additional diminution in market value between $5900 and $7000. Hawkeye's expert witnesses indicated the car was a collector's item and prospective buyers would be unwilling to pay full market price after learning it had been involved in an accident. Hawkeye argued it would be required to inform potential purchasers of the accident under Iowa Code section 321.69 (1993) because the damage exceeded $3000.

McDowell presented expert testimony that the value of the car was not diminished beyond the cost of repair. It also presented evidence the car was not a collectible.

The district court concluded the proper measure of damages was the difference between the car's market value before the accident and its market value after the accident. The court ruled that an award of $4000 would place Hawkeye in the same position it was before the accident. This figure included the cost of repair. The court based its decision on the depreciation in the NADA book value of the car from $20,750 at the time of the accident to the book value of $18,500 at the time of trial.

Hawkeye appeals claiming the district court's award was not supported by the evidence and was based on an erroneous application of the law.

## I. Standard of Review

■■■ Our review of this law action is for the correction of errors of law. *Chariton Feed and Grain, Inc. v. Harder*, 369 N.W.2d 777, 782 (Iowa 1985). The finding of fact of the court sitting as a court at law take on the force of a jury verdict. *Murray v. Conrad*, 346 N.W.2d 814, 817 (Iowa 1984). We view the evidence in a light most favorable to those findings, and are bound by them if supported by substantial evidence. *Id.* If the findings are ambiguous, they will be construed to uphold, not defeat, the judgment. *Byers v. Contemporary Industries Midwest, Inc.*, 419 N.W.2d 396, 397 (Iowa 1988).

## II. Damages

■■■ The law in Iowa governing damages to automobiles is well settled and follows three general standards. *Papenheim v. Lovell*, 530 N.W.2d 668, 671 (Iowa 1995). They are:

(1) When the motor vehicle is totally destroyed or the reasonable cost of repair exceeds the difference in reasonable market value before and after the injury, the measure of damages is the lost market value plus the reasonable value of the use of the vehicle for the time reasonably required to obtain a replacement.

(2) When the injury to the motor vehicle can be repaired so that, when repaired, it will be in as good condition as it was in before the injury, and the cost of repair does not exceed the difference in market value of the vehicle before and after the injury, then the measure of damages is the reasonable cost of repair plus the reasonable value of the

* Senior judge from the Fifth Judicial District serving on this court by order of the Iowa Supreme Court.

use of the vehicle for the time reasonably required to complete its repair.

(3) When the motor vehicle cannot by repair be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value before and after the injury, plus the reasonable value of the use of the vehicle for the time reasonably required to repair or replace it.

*Id.; Long v. McAllister,* 319 N.W.2d 256, 261 (Iowa 1982).

■ The third standard allows for the recovery of the diminution in market value when the repairs cannot restore the car to its pre-accident condition. When the repairs are actually performed on the vehicle, diminution in market value is determined by the difference between the value of the repaired car after the accident and the value of the car before the accident. *Papenheim v. Lovell,* 530 N.W.2d at 672. Additionally, the owner is entitled to recover the reasonable cost of repairs. *Id.*

■ In this case, the trial court applied the third standard, but considered the depreciation of the book value of the car from the time of the accident to the time of trial in arriving at a total damage award of $4000. The trial court stated:

> The court finds that an award of $4000 would place the plaintiff in the same position as it was before the accident. This figure includes the cost of repair. The court basis [sic] its decision on the fact according to the testimony of Don Moyer, president of the Plaintiff, the NADA book value of the automobile is presently $18,-500.00. The NADA book value of the automobile at the time of the accident was $20,750.00. Therefore, the automobile has depreciated in value, not appreciated.

Hawkeye claims the trial court misapplied the legal standard by determining damages based on the difference between the book value of the car at the time of the accident and the book value at the time of trial.

Mindful of our recovery standards, we do not share Hawkeye's view of the trial court's application of the law. We find no legal error.

The expert witnesses presented by Hawkeye considered the Reatta to be a rare collectible car, a factor considered by them in determining its post-accident market value. They opined the value of a collectible car generally diminishes more following an accident than a car that is not considered a collectible. McDowell, however, presented evidence the car was not a collectible and used the book value of Reattas at the time of trial to show they have generally declined in value since the accident. McDowell's expert indicated collectible cars normally do not decline in value. The conflicting evidence over whether the car was a collectible impacted the determination of damages, and the trial court was permitted to resolve the dispute in applying the appropriate legal standard.

The trial court did not misapply the governing legal standard, but found Hawkeye should not recover the full amount of their requested damages since the car was not a collectible considering its depreciation in value. We find no error at law.

Hawkeye also argued the damage award was based on speculation and was not supported by substantial evidence. It notes none of the three expert witnesses who testified at trial placed the diminished value and cost of repair of the car following the accident at $4000. To the contrary, Hawkeye's two experts placed the after-repair diminution in value between $5,900 and $7000, while McDowell's expert witness found no diminution in value beyond the cost of repair. Thus, since the trial court found the cost of repair exceeded $3000, Hawkeye asserts it arbitrarily fixed the diminution in value in determining total damages of $4000.

■ The determination of the amount of damages in a bench trial ordinarily lies within the sound discretion of the trial court. *See Woode v. Kabela,* 256 Iowa 622, 633, 128 N.W.2d 241, 247 (Iowa 1964); *See also Hysell v. Iowa Public Service Co.,* 534 F.2d 775 (8th Cir.1976). This discretion, however, is not without limits. *Id.* The trial court may not disregard evidence and arbitrarily fix an amount of damage for which no basis in the evidence exists. *Henrich v. Oppedal,* 248

Iowa 509, 81 N.W.2d 429, 430 (1957). On the other hand, precision is not required. We will uphold an award of damages so long as the record discloses a reasonable basis for which the award can be inferred or approximated. *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 403 (Iowa 1982). An award of damages within the range of the evidence will not be disturbed on appeal. *Olsen v. Drahos*, 229 N.W.2d 741, 742 (Iowa 1975).

The range of the evidence in this case for the diminution in value of the car after repairs was between $0 and $7000. The trial court need not select one of the two extremes simply because there was no expert testimony which pinpointed damages between the range. The trial court was not obligated to totally accept or reject the expert witnesses, but was free to consider the strengths and weaknesses of each witness and use part, none, or all of their testimony. *See Ballard v. Amana Soc., Inc.*, 526 N.W.2d 558, 561 (Iowa 1995); *Mercy Hosp. v. Hansen, Lind & Meyer*, 456 N.W.2d 666, 672 (Iowa 1990) (it is for the fact finder to determine the weaknesses in an expert's testimony). The award of the trial court was within the range of the evidence. We conclude it was supported by substantial evidence.

**AFFIRMED.**