Laura BENSON and Robert
H. Benson, Appellees,

v.

Christian Carl WEBSTER, Defendant,

Mike Finnin Rental Cars,
Inc., Cross–Appellee,

and

Rhonda Smothers, Appellant.

No. 97–198.

Supreme Court of Iowa.

April 28, 1999.

Arnold J. Van Etten of the Kintzinger Law Firm, P.L.C., Dubuque, for appellant and cross-appellee.

Joseph J. Bitter, Dubuque for appellees.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

McGIVERIN, Chief Justice.

The issues we must consider in this case mainly involve the extent of liability of a car rental company and a lessee for the negligence of the driver of a rental car who did not have the consent of either the rental company or the lessee to operate the vehicle. We affirm in part and reverse in part the judgment of the district court.

## I. Background facts and proceedings.

On January 2, 1993, defendant Rhonda Smothers rented an automobile from Mike Finnin Rental Cars in Dubuque, Iowa. The rental form agreement included a place to list the names of the persons authorized to drive the vehicle. In this space were written the words "Authorized persons only" and the numeral "21." At another place the agreement stated, "IMPORTANT! THIS VEHICLE MAY NOT BE USED OR DRIVEN BY ANYONE UNDER 21." The agreement also contained a provision stating that the renter of the vehicle "will not permit the car to be driven except by licensed drivers in my immediate family or an authorized driver" as named on the front of the form. Smothers intended to rent the vehicle for only one day, but later called Finnin Rental and had the rental agreement extended to January 5.

On the morning of January 5, Smothers asked her live-in boyfriend, Mario Wilcox, age eighteen, to return the vehicle to Finnin Rental and Wilcox agreed. Smothers gave Wilcox the keys to the vehicle, but did not actually see him drive the vehicle away. Smothers did not recall whether she gave Wilcox any special instructions or conditions regarding the use of the vehicle.

Unknown to Smothers, however, Wilcox asked another person, Christian Carl Webster, age seventeen, to return the vehicle to the rental agency and Webster agreed. Wilcox was to follow Webster to Finnin Rental in another vehicle. Smothers did not know Webster and had never met him. Both Wilcox and Webster were obviously under age twenty-one on that day.

At approximately 7:00 that morning, Webster was driving the vehicle to the rental agency when he rear-ended an auto being driven by plaintiff, Laura Benson, that was stopped at a stoplight in Dubuque. The force of the collision pushed Benson's vehicle into the intersection, striking another vehicle that was turning into the intersection. Plaintiff Benson's vehicle was a total loss.

Webster did not stop after the accident and was eventually issued citations by the police for failing to maintain control of his vehicle, failure to identify and failure to render aid at a personal injury accident.

Laura Benson was taken by ambulance to a local hospital where she was examined for her injuries and released to go home.

At the time of the accident, Laura was employed at a restaurant where she performed maintenance duties and was also employed as a cashier at a convenience store. Laura had no prior health problems other than allergies prior to the accident.

Laura was unable to work the day following the accident due to pain and soreness in her back and neck and tingling in her hands. She never returned to either of her jobs following the accident.

As a result of the injuries sustained in the accident, Laura and her husband, Robert, filed a petition in district court, naming as defendants, Mike Finnin Rental Cars, Inc., the owner of the vehicle, Smothers, the lessee of the vehicle, and Webster, the driver. Plaintiff Laura Benson sought recovery for personal injuries, medical expenses, loss of earnings and earning capacity, and property damage, and Robert sought recovery for loss of consortium.

Defendant Webster did not file an answer or appearance and default was entered against him.

A trial was held to the court in this law action. At the close of the evidence, defendants Smothers and Finnin Rental moved for a directed verdict. The district court overruled the motion. The court, after making findings and conclusions, entered judgment against defendant Webster and in favor of plaintiff Laura Benson in the amount of $75,465.64 [1] plus interest and in favor of plaintiff Robert Benson in the amount of $5,000 plus interest. The court's ruling made no mention as to the liability of defendant Smothers.

---

1. The court itemized the damages as follows:

| | |
|---|---|
| Property (to auto) | $ 2,900.00 |
| Past medical expense | $20,517.94 |
| Towing expense | $ 47.40 |
| Past lost wages | $12,000.00 |
| Past pain and suffering | $20,000.00 |
| Future pain and suffering | $10,000.00 |
| Future medical expense | $10,000.00 |

In its ruling, the court noted that pursuant to Iowa Code section 321.493 (1993), Finnin Rental, as owner of the vehicle, was presumed to have given consent to Webster's operation of the vehicle. The court further concluded, however, that Finnin Rental overcame this presumption of consent based on the language in the rental agreement that restricted authorized drivers to persons at least twenty-one years of age. The district court, therefore, impliedly entered judgment in favor of defendant Finnin Rental and against plaintiffs Laura and Robert Benson.

Thereafter, plaintiffs filed an Iowa rule of civil procedure 179(b) motion, pointing out that the earlier ruling did not address the liability of defendant Smothers. Plaintiffs also requested that the court amend its prior ruling to increase the amount of damages for lost wages and special damages, and to award punitive damages and damages for future loss of earnings and earning capacity. Finally, plaintiffs challenged the district court's conclusion that defendant Finnin Rental had no liability to plaintiffs under Iowa Code section 321.493.

Defendant Smothers also filed a rule 179(b) motion, asking the court to amend its ruling and enter judgment in her favor.

The district court entered its post judgment ruling, stating that the judgments entered against defendant Webster in favor of plaintiffs would likewise apply to defendant Smothers. The court gave no explanation concerning the basis for liability against defendant Smothers. The court impliedly overruled the balance of the rule 179(b) motions.

Defendant Smothers appeals from the judgment entered against her. Plaintiffs cross appeal, asserting that the district court erred concerning its award of damages and by concluding that defendant Finnin Rental had no liability to plaintiffs under Iowa Code section 321.493.

Defendant Webster did not appeal the judgment entered against him and thus nothing we decide in this appeal affects the district court's entry of judgment against him in favor of plaintiffs.

## II. Standard of review.

This law action was tried to the district court. Our standard of review in such cases is for correction of errors at law and the court's findings of fact have the effect of a special verdict. *See* Iowa R.App. P. 4. In such cases, the court's findings of fact are binding upon us if supported by substantial evidence. *See* Iowa R.App. P. 14(f)(1). "Evidence is substantial if a reasonable mind could accept it as adequate to reach the same findings." *Bluffs Dev. Co. v. Board of Adjustment,* 499 N.W.2d 12, 14 (Iowa 1993). Under this standard, we view the evidence in a light most favorable to upholding the district court's judgment. *See Frunzar v. Allied Property & Cas. Ins.,* 548 N.W.2d 880, 884–85 (Iowa 1996).

## III. Liability of defendant Smothers under an agency theory.

In their petition, plaintiffs asserted that the driver, Webster, was operating the rental vehicle as an agent of defendant Smothers and that Smothers was therefore liable for Webster's negligence in operating the vehicle under an agency theory. The parties assume on appeal that the district court apparently adopted this agency theory of liability in entering judgment for plaintiffs against Smothers.

Plaintiffs do not contend that defendant Smothers is liable to plaintiffs under Iowa Code section 321.493, that Smothers was an owner of the vehicle, or under a bailment theory.

Defendant Smothers asserts on her appeal that the district court erred in impliedly concluding that she is liable to plaintiffs for Webster's negligence under an agency theory. Smothers contends she cannot be liable under an agency theory because she did not consent to Webster's operation of the vehicle and thus did not authorize him to act as her agent.

The focus of the inquiry in this appeal relates more to whether an agency relationship existed between defendants Smothers and Webster, rather than the implications arising therefrom.

The party asserting the existence of an agency relationship bears the burden of proof. *See Kanzmeier v. McCoppin*, 398 N.W.2d 826, 830 (Iowa 1987). An agency relationship exists where there is "(1) a manifestation of consent by one person that another shall act on the former's behalf and subject to the former's control and (2) the consent of the latter to so act." *Mermigis v. Servicemaster Indus., Inc.*, 437 N.W.2d 242, 246 (Iowa 1989). The primary consideration in determining whether an agency relationship exists is the principal's right of control. *See id.* As one authority explains:

> The agency relation results if, but only if, there is an *understanding between the parties which*, as interpreted by the court, *creates a fiduciary relation* in which the fiduciary is *subject to the directions of the one on whose account he acts.* It is the element of continuous *subjection* to the will of the principal which distinguishes the agent from other fiduciaries and the agency agreement from other agreements.

Restatement (Second) of Agency § 1 cmt. b. (1958) (emphasis added). Thus, implied in any agency relationship is the notion that the principal exercises some type of control over the agent in performance of the act to be done and that the agent agrees to be subject to that control.

Under common law, an owner of a vehicle had no liability to third parties concerning the negligent operation of the vehicle.

> At the time of the enactment of Chapter 275, Acts of the 38th G.A., supra, [the predecessor to Iowa Code section 321.493] the rule was firmly established in Iowa that the owner of a motor vehicle who permitted another to drive it, *when no relation of principal and agent, master and servant, partnership or joint venture existed*, was ordinarily a mere bailor *and being such was not liable for the negligence of his bailee in the operation of the car....* The statute in question was undoubtedly made into law to remedy this situation, to make the owner of an automo-

bile responsible for the negligence of one to whom he entrusted its operation.

*Stuart v. Pilgrim*, 247 Iowa 709, 715, 74 N.W.2d 212, 216 (1956) (emphasis added) (citations omitted).

Here, defendant Smothers did not know defendant Webster before the accident and did not authorize Webster to drive the rental vehicle. Thus, there was no direct agency relationship between Smothers and Webster. As a result, Smothers can only be liable. for Webster's negligence under an agency theory if Webster is a subagent of Smothers, through an agency relationship between Smothers and Wilcox.[2] Stated another way, Smothers is only liable for Webster's negligent operation of the rental vehicle if Wilcox was an agent of Smothers.

Upon our review, we conclude that Wilcox was not acting as Smothers' agent in performing the act of returning the vehicle to the rental agency. Plaintiffs presented no evidence that Smothers imposed any conditions concerning Wilcox's operation of the vehicle or the route he was to take. Nor is there any evidence that Wilcox agreed to any such conditions. Thus, plaintiffs failed to show that Smothers exercised control, as a principal would, concerning Wilcox's actions or conduct in returning the vehicle to the rental agency. We view the relationship between Smothers and Wilcox as nothing more than a social relationship and that Wilcox was simply doing a favor for Smothers in returning the vehicle. Although we have said that "[t]he driver may be the agent or servant of the *owner* 'if the particular trip is in furtherance of the *owner's* business or for [the owner's] benefit,'" *Perry v. Tendal*, 538 N.W.2d 296, 298 (Iowa 1995) (quoting *Duffy v. Harden*, 179 N.W.2d 496, 502 (Iowa 1970)), we believe that simply doing a favor for someone else, absent some evidence of control by the person for whom the favor is done, does not create an agency relationship. *Cf. Houlahan v. Brockmeier*, 258 Iowa 1197, 1202, 141 N.W.2d 545, 548 (1966) (stating that "[w]here, as in the case at hand, control is relinquished by the car owner to a consent

---

2. "A subagent is a person appointed by an agent empowered to do so, to perform functions undertaken by the agent for the principal, but for whose conduct the agent agrees with the principal to be primarily responsible." Restatement (Second) Agency § 5.

user no agency is created"; father exercised no right of control over son's actions or conduct in driving car and son's negligence in driving car would therefore not be imputed to father so as to bar father's action for property damage to car). For these same reasons, Webster cannot be considered a subagent of defendant Smothers and thus there was no agency relationship between Smothers and Webster.

Our conclusion that no agency relationship existed between Smothers and Wilcox is also supported, by analogy, by our refusal in *Van Zwol v. Branon* to adopt the initial permission rule. *See Van Zwol v. Branon*, 440 N.W.2d 589, 593–94 (Iowa 1989). The initial permission rule provides that when permission to use a vehicle is initially given by the owner, subsequent use thereof, even by unknown third parties, remains permissive as to the owner. *See id.* at 593. If our Iowa rule is that an owner's initial grant of permission to a consent driver does not extend to a third-party driver unknown to the owner, such that the owner is not liable for the third-party driver's negligence, we fail to see why the lessee of a rental vehicle should be liable under the same circumstances. Thus, Smothers has no liability for Webster's operation of the rental vehicle absent evidence of an agency relationship.

We conclude that the district court erred in finding that defendant Smothers was liable under an agency theory to plaintiffs for Webster's negligence in operating the rental vehicle. We, therefore, reverse the judgment of the district court against defendant Smothers on this issue.

## IV. Did the district court award plaintiffs a proper amount of damages?

On their cross-appeal, plaintiffs assert that the district court erred with respect to its award of damages. "The determination of the amount of damages in a bench trial ordinarily lies within the sound discretion of the trial court." *Hawkeye Motors, Inc. v. McDowell*, 541 N.W.2d 914, 917 (Iowa App.1995). "We will not set aside or alter a judgment regarding damages unless it is (1) flagrantly excessive or inadequate, or (2) shocks the conscience or sense of justice,

or (3) raises a presumption it is the result of passion, prejudice or other ulterior motive, or (4) *lacks evidential support.*" *Claus v. Whyle*, 526 N.W.2d 519, 525 (Iowa 1994). "In reviewing damage awards, we consider the evidence in the light most favorable to the plaintiff." *Id.* We thus will uphold an award of damages "so long as the record discloses a reasonable basis from which the award can be inferred or approximated." *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 403 (Iowa 1982).

Upon our review, and without unduly extending this opinion, we believe that a reasonable basis exists to support the district court's award of damages of $74,465.64 to plaintiff Laura and $5000 to plaintiff Robert and that the award was within the range of the evidence presented. The district court awarded plaintiffs damages on several elements of their claims, but not in the amounts requested by plaintiffs.

## V. Liability of defendant Finnin Rental under Iowa Code section 321.493.

Plaintiffs also assert on their cross-appeal that the district court erred in concluding that defendant Finnin Rental is not liable to plaintiffs under Iowa Code section 321.493. At the time of the accident in January 1993, Iowa Code section 321.493 stated in pertinent part:

> In all cases where damage is done by any motor vehicle by reason of negligence of the driver, *and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.*

(Emphasis added.) In essence, section 321.493 holds an owner liable for a driver's negligence unless the owner can overcome the presumption that the vehicle was operated with the owner's consent.

Under Iowa law, "[w]hen ownership of a vehicle is admitted, a presumption is created that the vehicle was operated with the consent of the owner." *Van Zwol*, 440 N.W.2d at 591. This inference that the vehicle was operated with the owner's consent can be rebutted by proof that there was no actual consent. *See id.* In situations where the vehicle is driven by someone other than

the consent driver, we have stated that the inference of consent:

> ... may be overcome by the owner's showing that the first permittee was not given express or implied authority to delegate permission for the vehicle's use.... Generally, a factual determination must be made as to whether the initial grant of authority was broad enough to include an implied grant to give the second permittee authority to use the vehicle.... The inference may be overcome and the matter of consent determined as a matter of law when the undisputed and uncontroverted evidence conclusively establishes the facts.

*Id.* (citations omitted).

 Upon our review, we agree with the district court's conclusions that defendant Finnin Rental presented sufficient evidence to overcome the presumption that it gave consent to Webster's operation of the vehicle and that Finnin Rental therefore has no liability to plaintiffs under Iowa Code section 321.493.

Finnin Rental, as owner, did not grant broad, unrestricted consent to Smothers concerning operation of the vehicle. Rather, the terms of the rental agreement expressly prohibit persons under twenty-one years of age from driving the vehicle. This prohibition is obviously a restriction on whom Finnin Rental has given consent to drive the vehicle. We believe that by including this restrictive language in the rental agreement, Finnin Rental intended that *only* persons at least twenty-one years of age would be authorized to drive the vehicle. While defendant Finnin Rental did not limit consent to operation of the vehicle by persons based on name or identity, it did so by excluding consent to persons in a certain category—persons under twenty-one. Wilcox and Webster fall within that category. Thus, it cannot be said that Finnin Rental's initial grant of authority was so broad that Finnin Rental impliedly consented to Wilcox's or Webster's operation of the vehicle. *Cf. Van Zwol,* 440 N.W.2d at 592–93 (owner did not impliedly consent to third-party's operation of vehicle where owner never permitted or expressly consented to third-party-driver's operation of vehicle in the past and also had no contact with the third-party driver on the day of the accident). Finnin Rental thus cannot be liable to plaintiffs under section 321.493. *Cf. Marquez v. Enterprise Rent-A-Car,* 53 Cal.App.4th 319, 323, 61 Cal. Rptr.2d 557, 559 (Cal.Ct.App.1997) (noting that where renter, when asked, did not request that other drivers be allowed to drive car, rental agency had no reason to expect that operator or anyone other than renter would drive the vehicle; rental company thus did not give implied permission to person other than renter to drive car and thus could not be held liable for driver's negligence); *Bieszck v. Avis Rent-A-Car Sys., Inc.,* 459 Mich. 9, 583 N.W.2d 691, 695–96 (1998) (car rental company not liable for harm caused by twenty-one year old driver who was driving car without rental company's permission; rental agreement stated that car was not to be driven by anyone under the age of twenty-five and thus rental company did not consent to twenty-one year old driver's operation of the car).

We thus conclude that the district court properly determined that defendant Webster was not operating the vehicle with the implied consent of defendant Finnin Rental. As a result, Finnin Rental has no liability to plaintiffs under section 321.493. We affirm the judgment of the district court on this issue.

## VI. Disposition.

We conclude that the district court judgment should be affirmed concerning the damages award against defendant Webster.

The district court judgment in favor of defendant Finnin Rental is also affirmed because Finnin Rental has no liability to plaintiffs under Iowa Code section 321.493.

We reverse the judgment of the district court against defendant Smothers.

Costs should be taxed against plaintiffs.

**AFFIRMED IN PART AND REVERSED IN PART.**