# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4032

_____

JAY GUNDERSON, et al.,     *
                                   *

         Appellants,     *

                                   *    Appeal from the United States
   v.                            *    District Court for the
                                   *    Northern District of Iowa

ADM INVESTOR SERVICES, INC.,     *
a Delaware Corporation,         *

                                   *    [UNPUBLISHED]
         Appellee.      *

_____

Submitted: June 12, 2000
Filed: August 16, 2000

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
      PANNER[1] , District Judge.

_____

PER CURIAM.

Plaintiffs, more than fifty Iowa farmers, bring this interlocutory appeal, contending that the district court erred in dismissing their claims against defendant ADM Investor Services, Inc. (ADMIS) for fraudulent inducement, breach of fiduciary

---

[1]The Honorable Owen M. Panner, United States District Judge for the District of Oregon.

duty, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and the Commodity Exchange Act, 7 U.S.C. §§ 1-25. See Gunderson v. ADM Investor Servs., Inc., 43 F. Supp. 2d 1058 (N.D. Iowa 1999) (opinion below). The district court reasoned that plaintiffs' allegations of an agency relationship between ADMIS and other defendants were insufficient. We reverse and remand.

## BACKGROUND

Plaintiffs raise corn and soybeans in north central Iowa. ADMIS is a Futures Commission Merchant, or FCM, registered with the Commodity Futures Traders Commission (CFTC).

Plaintiffs allege that ADMIS's agents fraudulently induced plaintiffs to enter into "flex" hedge-to-arrive (HTA) agreements with the defendant grain elevator cooperatives. See Grain Land Coop v. Kar Kim Farms, Inc., 199 F.3d 983, 987 (8th Cir. 1999) (describing HTA agreements). In a flex HTA agreement, the grain elevator permits the farmer to postpone, or roll, the delivery date for the grain, which allows the farmer to sell his grain on the cash, or spot, market, if the price is higher than the agreed HTA price. Id. Unfortunately for both plaintiffs and defendant grain elevators, corn prices unexpectedly rose throughout 1995 and early 1996, creating a market inversion. Id.; Charles F. Reid, Note, Risky Business: HTAs, the Cash Forward

Exclusion and Top of Iowa Cooperative v. Schewe, 44 Vill. L. Rev. 125, 125 & n.4 (1999).

Plaintiffs allege that ADMIS either knew or should have known that its agents were promoting flex HTA agreements at seminars for farmers by concealing or downplaying the financial risk inherent in such agreements. Plaintiffs allege that ADMIS's agents included defendants FAC-MARC, a registered Commodity Trading Advisor; Agri-Plan, Inc., a registered Introducing Broker (IB) for ADMIS; and CSA Investor Services, Inc. (CSA), another IB. An IB's role is to "solicit commodity customer accounts and introduce those accounts to a Futures Commission Merchant such as ADMIS." Lachmund v. ADM Investor Servs., Inc., 191 F.3d 777, 780 n.1 (7th Cir. 1999).

Plaintiffs allege that under CFTC rules, ADMIS was responsible for supervising IBs. That responsibility included approving IBs' marketing materials and the content of the IBs' seminars, and insuring that IBs did not misrepresent the risks of trading, or sell illegal, off-exchange futures contracts. Plaintiffs allege that ADMIS had previously approved the content of seminars promoting HTA agreements. Plaintiffs also allege that ADMIS approved the form of the contracts between plaintiffs and defendant FAC-MARC, a commodity trading advisor that shared offices and corporate officers with

defendant Agri-Plan.  Plaintiffs allege FAC-MARC required its customers to open commodity accounts with ADMIS.

In granting ADMIS's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the district court concluded that plaintiffs failed to allege that ADMIS had granted any other defendant actual or implied authority to make representations about HTA agreements.  The district court ruled that under Rule 9(b)'s heightened pleading standard for fraud, plaintiffs' allegations that other defendants promoted HTA agreements as agents of ADMIS were insufficient.

## STANDARD OF REVIEW

We review de novo the district court's dismissal for failure to state a claim. Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999).  We affirm a dismissal for failure to state a claim "only if it appears beyond a reasonable doubt that [the plaintiffs] can prove no set of facts entitling [them] to relief."  LaBarre v. Credit Acceptance Corp., 175 F.3d 640, 642 (8th Cir. 1999).  We take "the well-pleaded allegations in the complaint as true and view the complaint, and all reasonable inferences arising therefrom, in the light most favorable to the plaintiff."  St. Croix Waterway Ass'n v. Meyer, 178 F.3d 515, 519 (8th Cir. 1999).

DISCUSSION

In determining whether an agency relationship exists, the primary issue is the principal's right to control the agent. Benson v. Webster, 593 N.W.2d 126, 130 (Iowa 1999). If an agency relationship exists and the principal puts its agent in a position to defraud innocent third parties, the principal is liable for the agent's fraud. First American State Bank v. Continental Ins. Co., 897 F.2d 319, 326 (8th Cir. 1990) (citing Mechanicsville Trust & Sav. Bank v. Hawkeye-Security Ins. Co., 158 N.W.2d 89, 91 (Iowa 1968)). The existence of an agency relationship, nature and scope of the agent's authority, and whether the alleged acts were within the scope of the agent's authority, are ordinarily questions of fact. Agri-Stor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).

Here, ADMIS contends that plaintiffs rely only on the IBs' status to show that the IBs were ADMIS's agents in promoting HTA agreements. See Lachmund, 191 F.3d at 783 (IB's status "by itself, is not sufficient to give an IB the status of an agent"). Plaintiffs also allege, however, that ADMIS supervised the content of the IBs' seminars promoting HTA agreements to plaintiffs, and knew or should have known that the seminars misrepresented the risks involved.

ADMIS argues that its responsibility as a Futures Commission Merchant over the IBs extended only to regulated commodity trading, not to HTA contracts. We note

that the district court determined that there are issues of fact whether the HTA contracts here should be treated as regulated futures contracts. See Gunderson v. ADM Investor Servs., Inc., 85 F. Supp. 2d 892, 911-13 (N.D. Iowa 2000) (denying grain elevators' motion to dismiss because issue of fact existed "whether the HTAs are futures contracts or cash forward contracts"). Even if the HTA agreements here were unregulated cash forward contracts, see Haren v. Conrad Coop., 198 F.3d 683, 684 (8th Cir. 1999), plaintiffs have sufficiently alleged that ADMIS was responsible as a principal for the fraudulent promotion of HTA agreements.

ADMIS contends that the heightened pleading requirement for allegations of fraud and mistake applies to plaintiffs' allegations of agency. See Fed. R. Civ. P. 9(b). Assuming, without deciding, that Rule 9(b) applies to the pleading of the agency relationship here, we conclude that plaintiffs' allegations are sufficient to meet even the heightened pleading standard. Plaintiffs have alleged more than the bare legal conclusion of agency. They need not plead fraud "with complete insight before discovery is complete." Maldonado v. Dominguez, 137 F.3d 1, 9 (1st Cir. 1998) (quotation marks and citation omitted). Rule 9(b) must be read in harmony with the principles of notice pleading. See Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988).

Because plaintiffs' second amended complaint sufficiently alleges agency, we need not address whether the district court abused its discretion in denying plaintiffs' motion for leave to file a third amended complaint. We deny as moot plaintiffs' motion to supplement the record on appeal.

REVERSED AND REMANDED.


A true copy.


ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.