# IN THE COURT OF APPEALS OF IOWA

No. 22-0997
Filed December 20, 2023

**DONALD L. THOMAS and COURTNEY R. THOMAS,**
    Plaintiffs-Appellees,

**vs.**

**TERENCE A. KEMPF Jr.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.

The defendant appeals a jury verdict finding him liable for negligently misrepresenting the condition of a home he sold the plaintiffs and breach of contract. **AFFIRMED.**

Thomas J. Anderson of Thomas J. Anderson, P.C., L.L.O., Omaha, Nebraska, for appellant.

Tyler J. Grevengoed of Burnett Wilson Law, LLP, Omaha, Nebraska, for appellees.

Considered by Greer, P.J., Buller, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**POTTERFIELD, Senior Judge.**

Donald and Courtney Thomas (the Thomases) bought a home from Terence Kempf Jr. after he purchased it for the purpose of renovating and selling it at a profit. After experiencing a number of issues with the home, the Thomases brought suit against Kempf.[1] A jury found Kempf liable and awarded the Thomases $41,695 in damages.

On appeal, Kempf argues the Thomases did not provide sufficient proof of the damages to support the amount of the jury's award; he claims the evidence as to how much work needed to be done in the home to make the Thomases whole— and, accordingly, the cost of the needed renovations—was speculative and uncertain.[2]

**I. Background Facts and Proceedings.**

Kempf purchased a home in Council Bluffs in April 2017 with the intention of making improvements to the property and selling it for a profit. Kempf or individuals he hired replaced the roof on the home and the garage, installed new kitchen appliances, changed interior doors and painted the trim, and resurfaced both the kitchen counters and backsplash and the tub and shower surround in the

---

[1] The Thomases originally brought suit against other individuals as well; those individuals were dismissed from the lawsuit at various times and through various procedures, none of which are at issue in this appeal.

[2] In his reply brief, Kempf also challenges the evidence supporting the jury's conclusion that, at the time he sold the home, he knew or should have known about issues regarding water seeping into the basement. But "[p]arties cannot assert an issue for the first time in a reply brief," and "[w]hen they do, this court will not consider the issue." *Sun Valley Iowa Lake Asso'n v. Anderson*, 551 N.W.2d 621, 642 (Iowa 1996).

upstairs bathroom. Kempf also added a bath and shower in the basement and put up new interior walls.

Kempf listed the home for sale in July 2017, and the Thomases visited it and then put in an offer soon after. Kempf completed the "seller's disclosure of property condition"; he marked "no" on all of the following:

> 1. Basement/Foundation: Has there been known water or other problems?
> . . . .
> 8. Plumbing System(s): Any known problems? Any known repairs?
> 9. Electrical System(s): Any known problems? Any known repairs?
> . . . .
> 15. Structural Damage: Any known structural damage?

In an area for additional comments, Kempf wrote, "Purchased from estate—totally renovated at cost of [approximately] $40,000. Seller is licensed real estate agent in Nebraska."

The Thomases closed on the home in August and moved in.

Then in spring 2018, the tub surround in the upstairs bathroom cracked and separated from the bathroom wall. According to Donald, as he pulled away the resurfacing material, he began to find water damage and possible mold. Donald eventually tore out the tub and shower plus dry wall, flooring, and the vanity before renovating the bathroom. Then in 2019, water began seeping into the basement through an exterior wall. Donald cut some of the paneling and drywall and found a large crack in the exterior wall; based on the dark coloration and the texture of some of the wood in that spot, Donald opined the crack had been allowing water into the basement for an extended period of time. When trying to obtain a permit to complete some work in the basement, Donald learned that the renovation work

that added a bathroom and master bedroom to the basement was done without a permit. After moving into the home, the Thomases also experienced issues with the plumbing backing up and with the electrical system, including a breaker melting in the fuse box.

The Thomases brought suit against Kempf, alleging breach of contract because he failed to disclose defects in the property on the seller's disclosure of property condition, negligent misrepresentation in supplying information about the property, and violation of Iowa Code section 543B.62 (2020).

After a four-day jury trial in 2022, the jury found Kempf liable for negligently misrepresenting the condition of the home, fraudulently misrepresenting the condition of the home, and breach of contract. The jury awarded the Thomases $41,695 in damages.

Kempf appeals.

## II. Discussion.

**Amount of damages.** Kempf argues the district court erred in denying his motion for judgment notwithstanding verdict (JNOV) because the Thomases failed to establish the amount of damages they suffered. "We . . . review a district court ruling on a motion for [JNOV] for correction of errors at law." *Thornton v. Am. Interstate Ins. Co.*, 897 N.W.2d 445, 460 (Iowa 2017) (citation omitted). "Our role is to decide whether there was sufficient evidence to justify submitting the case to the jury when viewing the evidence in the light most favorable to the nonmoving party." *Smith v. Iowa State Univ. of Sci. & Tech.*, 851 N.W.2d 1, 18 (Iowa 2014) (citation omitted).

Similarly, Kempf also argues the district court should have granted his motion for new trial or, alternatively, should have ordered remittitur because the damages awarded by the jury were excessive. *See* Iowa Rs. Civ. P. 1.1004(4) (allowing a court to order new trial for "[e]xcessive or inadequate damages appearing to have been influenced by passion or prejudice), .1010 (allowing court to permit a party to avoid new trial under rule 1.1004 by agreeing to certain terms, such as a reduced damages award). "The standard of review of a denial of a motion for new trial depends on the grounds for new trial asserted in the motion and ruled upon by the court." *WSH Props., L.L.C. v. Daniels*, 761 N.W.2d 45, 49 (Iowa 2008) (citation omitted). "We review the district court's denial of a motion for a new trial based on the claim a jury awarded excessive damages for an abuse of discretion." *Id.* (citation omitted).

Here, the jury heard four days of testimony regarding a number of issues the Thomases claimed to have discovered in the home and why they believed those issues pre-dated their purchase of the home from Kempf. And the jury was instructed that if it found Kempf liable for fraudulent misrepresentation—which it did—it could consider the following in determining the appropriate amount of damages:

       a. Repairs to the bathroom;
       b. Repairs to the driveway;
       c. Repairs to the foundation;
       d. Repairs to the basement including but not limited to replacing carpet, drywall, and insulation;
       e. Replacing electrical work; and
       f. Replacement of windows.
       g. Repairs to plumbing system.

The jury was asked only to return a general verdict; it did not make specific findings as to which issues in the home and the corresponding cost of repairs for which Kempf was liable. *See Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 610–11 (Iowa 2006) (discussing general verdicts, special verdicts, and general verdicts with special interrogatories); *accord id.* at 611 ("Both special verdicts and special interrogatories submitted with a general verdict are findings by the jury that the court uses to enter judgment—like pieces of a puzzle."). Because the jury answered "Yes" when asked if Kempf fraudulently failed to disclose the condition of the home but did not make any findings as to what specific repairs for which Kempf was liable, we cannot say whether the jury excluded any of the seven categories from its computation of damages. And Kempf does not challenge the sufficiency of the evidence supporting any of the specific categories. *Cf. Erickson v. Wright Welding Supply, Inc.*, 485 N.W.2d 82, 86 (Iowa 1992) ("In civil cases, 'when a trial court errs in submitting even one of several theories of recovery and the jury returns only a general verdict for the plaintiff the verdict cannot stand and the defendant is entitled to a new trial.'" (citation omitted)). So when determining whether the jury award is supported by the evidence, we consider the record evidence for the cost of all repairs.

Donald Thomas testified about the extensive work he completed in the upstairs bathroom after the shower wall detached from the bathroom wall and he found mold and water damage; he testified they spent $5000 to $6000 on the repair, which Donald completed himself. The Thomases' neighbor, Timothy Carter, owns a concrete business; he testified that repairing the portion of the driveway that abuts the house was needed to help keep water away from the

foundation. While he gave the Thomases an estimate for $6200 to replace the entire driveway and concrete area behind the home in May 2018, he testified at the May 2022 trial that prices had significantly increased in the meantime and would now cost $11,718 to complete the same work. Jeff Fienup is a licensed general contractor who owns a remodeling company; he testified about the work that needed to be re-done in the family's basement because of added walls, plumbing, and electrical work that Kempf completed without a permit or inspection. Fienup provided the Thomases with an estimate of $53,000 in August 2019; he testified at the 2022 trial that the price would be 20%–25% greater. That said, Fienup admitted the scope of the necessary basement remodel was unclear—if Kempf did the work correctly before closing up walls, pouring concrete over the new plumbing, etc., then the actual cost would be less than the total estimate; the estimate was prepared to fix the basement with the worst-case scenario in mind. While it was possible not all of the work included in the basement estimate was necessary, at least some cost would be incurred in checking Kempf's work, getting it inspected, and re-closing in the electrical wiring, plumbing, etc.

All told, the Thomases asked the jury to award them $83,968 in damages: $11,718 for concrete work outside, $6000 in reimbursement for the upstairs bathroom repairs, and $66,250 for the basement remodel. The jury awarded only $41,695, which seems to take into account that not all of the concrete outside needed to be replaced to keep water from seeping into the basement. Donald testified the upstairs bathroom may have cost only $5000 to remodel, and the actual scope of the basement work needed was in question. We cannot say precisely how the jury came to the amount it awarded, but "precision is not

required. We will uphold an award of damages so long as the record discloses a reasonable basis for which the award can be inferred or approximated." *See Hawkeye Motors, Inc. v. McDowell*, 541 N.W.2d 914, 918 (Iowa 1995). Here, the jury's award of damages was within the range of evidence, so we will not disturb it on appeal. *See id.*

The district court did not err in denying Kempf's motion for JNOV and did not abuse its discretion in denying his motion for new trial.

**Mitigation of damages.** Kempf also argues "[t]he court abused its discretion by not granting a judgment notwithstanding the verdict, new trial, or entering into a remittitur because the evidence showed plaintiffs failed to mitigate damages." But Kempf did not raise the mitigation issue when moving for directed verdict, and a motion of JNOV "must stand on grounds raised in the directed verdict motion." *Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 845 (Iowa 2010). "On appeal from such judgment, review by an appellate court is limited to those grounds raised in the directed verdict motion." *Id.*

Additionally, while Kempf argued the jury "wrongfully disregarded" the jury instruction on the Thomases' duty to mitigate and that "the weight of the testimony was that the driveway replacement would have stopped any water intrusion" in his motion for new trial, the district court did not rule on the issue. So error was not preserved. *See In re Det. Anderson*, 895 N.W.2d 131, 138 (Iowa 2017) ("In order for error to be preserved, the issue must be both raised [to] and decided by the district court.").

We do not consider Kempf's claim regarding the mitigation of damages.

**III. Conclusion.**

Because the jury's award of damages was reasonable and within the range of evidence, the district court neither erred nor abused its discretion in denying Kempf's motions attacking the award. And we do not reach the merits of Kempf's argument about the Thomases' duty to mitigate, as it is not preserved for our review. We affirm.

**AFFIRMED.**